STATE OF NORTH CAROLINA v. PAUL SMITH

No. 6924SC393

(Filed 19 November 1969)

**1. Larceny § 7; Criminal Law § 66— sufficiency of evidence — identification of defendant — expression of doubt on cross-examination**

In this prosecution for automobile larceny, defendant's motion for nonsuit was properly denied where the State's witness testified that he saw defendant driving the automobile on the morning after it was stolen, and that defendant had discussed with him the possibility of trading the stolen automobile for one parked on the witness' used car lot, notwithstanding the witness on cross-examination expressed some doubt as to the correctness of his identification of defendant, the weight of the witness' testimony being for the jury.

**2. Criminal Law § 114— expression of opinion by court — instructions — reference to person by nickname**

In this prosecution for automobile larceny, the trial court did not express an opinion on the credibility of defendant as a witness during recapitulation of defendant's testimony by referring to a person who defendant testified had aided him in escaping from prison as "Cadillac," the court having used defendant's own words, and the court's failure also to use the person's correct name not constituting an expression of opinion.

**3. Larceny § 8— felonious larceny — failure to submit misdemeanor larceny**

In this prosecution for larceny of an automobile of a value of over $200, the trial court did not err in failing to charge the jury with respect to larceny of property of a value less than $200, where there was no evidence from which it could even be inferred that the value of the automobile was less than $200.

**4. Constitutional Law § 31— opportunity to prepare for trial — trial of case at same term counsel is appointed**

In this felonious larceny prosecution, defendant was not denied an adequate opportunity to prepare for trial by the fact that the case was called for trial at the same term of court at which counsel was appointed, where the record shows that defendant refused to allow counsel to move for a continuance but insisted that the case be tried when called.

APPEAL by defendant from *Copeland, S.J.,* 14 April 1969 Special Session Superior Court of WATAUGA County.

Defendant was charged with larceny of personal property of the value of more than $200. Upon a finding of indigency, counsel was appointed to represent him at his trial. A plea of not guilty was entered. The jury returned a verdict of guilty as charged, and defendant appealed from the judgment entered.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn for the State.*

*Stacy C. Eggers, Jr., for defendant appellant.*

MORRIS, J.

[1]   By his first assignment of error, defendant contends that the trial tribunal committed error in denying his motion for nonsuit at the close of the State's evidence and renewed at the close of all the evidence. The witness, whose evidence is the basis for defendant's position testified that he was engaged in the garage and used car business. On the morning after the automobile larceny with which defendant was charged occurred, defendant came to his place of business about 8:30 and wanted to borrow jumper cables with which to start a car. Defendant was not driving a car at that time. Witness loaned defendant the jumper cables as requested. Defendant returned about 20 minutes later driving a "red 1960 2-door maroon Chevrolet." He then discussed with witness the possibility of trading the Chevrolet for a 1960 Mustang which was parked on witness's lot. Witness talked with defendant about 20 or 30 minutes. When defendant left, witness helped him start the Chevrolet, and defendant drove off in a southerly direction toward Jefferson. He did not see defendant again until that night about 10 o'clock. Witness then saw defendant walking toward his place of business. Witness was driving his car at the time. He had his headlights on and it was misting rain. He stopped or slowed his car and saw that the man walking was the same one who had been in his place that morning. On the next morning, witness found the Chevrolet, without a license plate, parked on the West Jefferson highway and notified the authorities. On cross-examination, witness testified that he talked with defendant a long time and observed him but defendant did not tell witness his name. "That in my opinion, Paul Smith, the defendant was the man in the car at the time in question. I don't think I could be mistaken, but I could be". On redirect examination the witness was asked: "Is the defendant, Paul Smith, who is seated at the defense table with his

attorney, the same man you saw driving this automobile on that Saturday morning at your place of business?" The witness answered: "I think it is." On Recross-examination the following occurred:

> "Q. You think he looks similar to him, but you could be mistaken?
>
> A. Well, I could be, but I'm just about sure he is the same man.
>
> Q. But there is some doubt in your mind, isn't there, Mr. Calloway?
>
> A. Like you say, a lot of them look alike and there might be some doubt."

Defendant contends that because the witness expressed some doubt as to the correctness of his identification, the trial tribunal should not have submitted the matter to the jury. This contention is without merit. The witness was speaking of his firsthand observation in daylight hours and as a result of a conversation of some length. While counsel's cross-examination of the witness may have elicited from the witness expressions indicating some indistinctness of perception or memory, the court correctly admitted the evidence and denied defendant's motion. The weight of the evidence was for the jury. *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544 (1965). To hold otherwise would make the judge the trier of facts. *State v. Burton,* 272 N.C. 687, 158 S.E. 2d 883 (1967).

[2] Defendant next contends that the court, in its charge, expressed an opinion that defendant's evidence was not worthy of belief. Although it is not clear from the record, it appears that the portion of the charge to which defendant takes exception occurred during the court's recapitulation of the testimony of the defendant: "Anyway, he said they went over the fence. He said he went one way and the others went another way. That he went in the woods and went to sleep. He said he woke up about 7:00 or 8:00 o'clock that night and when he did he walked out to the road and about that time a man came along whose name was Carl Jones. That Carl Jones was a man he had been in prison with before. He was from Charlotte. He said that the way he got word to Carl Jones from Charlotte was that Cadillac — some man he called Cadillac, who was at the prison camp, he said, and was in the prison camp at the time he went over the fence on that day — and that Cadillac got word to the man in Charlotte and that the man from Charlotte came along the road and picked him up."

The record shows that the following testimony was given by defendant on cross-examination:

"Q.   How did you get word to him in Charlotte?
A.   Through a friend of mine.
Q.   Who was that?
A.   Cadillac — Shorty —
Q.   Well, what was his name?
A.   Anthony Perry.

I got to know Anthony Perry when we were serving time at Boone. He did not escape with us but was in the camp at the time the escape was made. He came to the Boone Camp after I was there, and was there up to the time I escaped. That I got word to Cadillac — Anthony Perry, to pick me up."

It is obvious that the court, in recapitulating defendant's testimony, accurately used defendant's own words. The failure of the court also to use the name Anthony Perry is not prejudicial error and does not constitute the expression of an opinion. This assignment of error is overruled.

[3]   Defendant's third assignment of error is to the failure of the court to charge the jury with respect to larceny of property of a value less than $200. An examination of all the evidence reveals that all of the evidence was that the vehicle stolen had a value in excess of $200. There is no evidence from which it could even be inferred that the value was less than $200. This assignment of error is overruled.

[4]   Finally, defendant contends that his constitutional rights were violated by reason of the fact that the case was called for trial at the same term of court at which counsel was appointed, and counsel could not have had adequate time to prepare for trial. The record is devoid of any motion for continuance. On the contrary, counsel candidly states that no motion was made; that defendant refused to allow counsel to make such a motion and insisted that his case be tried when called. Defendant had a choice between two rights: to move for a continuance or demand a speedy trial. It appears that he exercised his right to demand a speedy trial with full knowledge of his right to move for a continuance. In exercising one right, he waived the other and cannot now be heard to complain.

The record discloses that defendant had a fair trial before a jury, and in the trial we find

No error.

MALLARD, C.J., and HEDRICK, J., concur.