STATE OF NORTH CAROLINA v. OLIVER HELTON DICKERSON

No. 7318SC259

(Filed 12 December 1973)

Larceny § 7— automobile larceny — value of stolen vehicle

In a prosecution for felonious larceny of an automobile, the State's evidence was sufficient to support a jury finding that the value of the automobile exceeded $200 on the date it was stolen where the evidence showed that the owner had purchased it only a few months previously for $1,800 and nothing in the evidence suggested any reason to suppose that such rapid depreciation could have occurred as to reduce its fair market value to $200 or less between the date of purchase and the date it was stolen.

APPEAL by defendant from *Exum, Judge,* 18 September 1972 Criminal Session of Superior Court held in GUILFORD County.

Defendant was charged by indictment, proper in form, with the felonious larceny of a 1966 Plymouth of the value of $1,800.00, the property of Lula Mae Parks Roberts. Defendant pled not guilty, and, after signing a written waiver of counsel which was sworn to by defendant and certified to by the trial judge, represented himself at trial in Superior Court.

In summary, the State's evidence showed: On 1 May 1972, Mrs. Roberts owned a 1966 Plymouth automobile, which she had purchased the previous June for $1,800.00 and on which there was a balance of the purchase price still outstanding. She parked it in front of her residence. Leaving the motor running and the keys in the ignition, she went into her house. Upon returning about five minutes later, she found the car missing. Mrs. Roberts had not given anyone permission to move the Plymouth and promptly reported its theft. At approximately 12:30 a.m. on 1 May 1972, Officer Davis, a High Point Police Officer, observed a 1966 Plymouth in the Union Bus Station parking lot. Davis approached the Plymouth and discovered the defendant lying down on the front seat with his hand up under the dashboard. Defendant consented to drive the Plymouth to the police station, where a check revealed that the engine number—PH 43662131862—matched that of Mrs. Roberts's missing automobile. Mrs. Roberts subsequently came to the station and took custody of the car.

Defendant neither testified nor offered evidence in his defense. From a verdict of guilty as charged and judgment entered thereon imposing prison sentence of seven to ten years, defendant appealed through court-appointed counsel.

*Attorney General Robert Morgan by Special Counsel Ralph Moody for the State.*

*Assistant Public Defender Richard S. Towers for defendant appellant.*

PARKER, Judge.

Defendant contends that the trial court erred in denying his motion for nonsuit. The State's evidence, summarized above, was clearly sufficient to take the case to the jury on the charge of felonious larceny. What argument there is on this appeal concerns primarily the quantum of evidence as to the value of the stolen personalty on the date of the theft. We find the State's evidence on this element was sufficient to support the jury finding that the value of the Plymouth exceeded $200.00 on the date it was stolen. There was evidence that only a few months previously the owner had purchased it for $1,800.00, and nothing in the evidence even suggests any reason to suppose that such extraordinary and rapid depreciation could have occurred as to reduce its fair market value to $200.00 or less during the relatively

short time intervening between its purchase and the date it was stolen. The trial court properly charged the jury that to find defendant guilty of the felonious larceny charged in the bill of indictment, they must find from the evidence and beyond a reasonable doubt not only that defendant took and carried away the automobile without the owner's consent, knowing that he was not entitled to take it and intending at the time to deprive the owner of its use permanently, but also that the automobile was worth more than $200.00. Since all of the evidence in this case indicated that the value of the stolen property exceeded $200.00, the trial court did not err by failing to instruct the jury to consider in addition an issue as to defendant's possible guilt or innocence of the lesser included offense of misdemeanor larceny.

In the trial and judgment appealed from we find

No error.

Judges CAMPBELL and HEDRICK concur.