STATE OF NORTH CAROLINA v. RANDY MICHAEL REESE

No. 7628SC529

(Filed 1 December 1976)

1. Larceny § 8— felonious larceny — instruction on value of goods taken — no expression of opinion

In a prosecution for felonious larceny of an automobile, the trial court's instruction that "all the evidence which we have, that's been submitted, indicates that the property was worth some $550," together

with other instructions of the court, did not amount to an expression of opinion on the evidence.

2. **Larceny § 8— felonious larceny prosecution — failure to instruct on lesser offenses — no error**

In a prosecution for felonious larceny of an automobile where all the evidence indicated that the value of the stolen property exceeded $200, the trial court did not err by failing to instruct as to the lesser included offense of misdemeanor larceny; nor did the court err in failing to submit to the jury a possible verdict under G.S. 14-72.2, unauthorized use of a conveyance.

APPEAL by defendant from *Baley, Judge.* Judgment entered 27 April 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 November 1976.

Upon a plea of not guilty, defendant was tried on a bill of indictment charging him with the felonious larceny of a 1967 Mercury Comet automobile owned by James Rivers. The State's evidence tends to show:

On Saturday, 21 February 1976, Mr. Rivers took his car to Howard Sharp's body shop to have a door lock repaired. At closing time that night, Sharp locked the car, put the keys inside his shop and left the car parked at the front of the building. Earlier that afternoon and evening Sharp had seen defendant pass by his shop several times. When Sharp returned to the shop on the following Sunday morning, the automobile was missing.

At approximately 5:00 o'clock on Sunday morning, a green Comet, with license # ABR392, was driven into and turned around in the yard of Harry Sharp, a brother of Howard Sharp. Harry Sharp wrote down the license number, took a rifle and flashlight and walked up to the car where he observed three persons in the car including defendant as the driver. On the following Tuesday, Harry Sharp was at his brother's shop when he recognized the same car. The car had been recovered earlier that day and towed into the shop. It had been sideswiped; the radiator, battery and air filter had been removed; and the ignition wires and seats were torn out. Both James Rivers and Howard Sharp testified that the car had a value of approximately $550 before the incident in question.

Defendant presented no evidence.

The jury found defendant guilty as charged and from judgment imposing a prison sentence of five years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Public Defender Peter L. Roda for defendant appellant.*

BRITT, Judge.

[1]  By his first assignment of error defendant contends that the trial court erred in its charge to the jury by expressing an opinion in violation of G.S. 1-180. This assignment is without merit.

The record discloses that when the trial judge was instructing the jury on the sixth element of felonious larceny, he instructed as follows: "And, sixth, that the property was worth more than $200, and all the evidence which we have, that's been submitted, indicates that the property was worth some $550, but you must find beyond a reasonable doubt that it was worth more than $200 as an element of this offense."

Defendant argues that in telling the jury that "all the evidence which we have, that's been submitted, indicates that the property was worth some $550" that His Honor expressed an opinion on the evidence. We reject this argument.

Almost immediately after the challenged statement was given, the trial judge gave the following instruction:

"Now, Members of the Jury, the Court has no opinion about the facts in this case or the guilt or innocence of the Defendant. If, in my manner of speaking or by some inflection of my voice or some ruling in this matter, I have conveyed such an impression to you, please dismiss it from your mind because it is a responsibility of yours and yours alone to determine what the facts are in this case and to determine the guilt or innocence of the Defendant."

It is well settled that the charge of the court to the jury will be construed contextually, and segregated portions will not be held prejudicial error where the charge as a whole is free from objection. 4 Strong, N. C. Index 3d, Criminal Law § 168. When the challenged instruction is considered in context, and

considered together with the remainder of the charge, we conclude that it was not prejudicial error.

[2] By his second assignment of error defendant contends the trial court erred in failing to submit to the jury possible verdicts of misdemeanor larceny and unauthorized use of an automobile. This assignment is without merit.

As to a possible verdict of misdemeanor larceny, it is well-established that where there is no evidence from which it can be inferred that the value of the stolen property was less than $200, defendant is not entitled to an instruction with respect to larceny of property of a value less than $200. *State v. Smith,* 6 N.C. App. 580, 170 S.E. 2d 523 (1969) ; *State v. Dickerson,* 20 N.C. App. 169, 201 S.E. 2d 69 (1973). Since all the evidence in the present case indicated that the value of the stolen property exceeded $200, the trial court did not err by failing to instruct as to the lesser included offense of misdemeanor larceny.

Defendant argues that a possible verdict under G.S. 14-72.2, unauthorized use of a conveyance, should have been submitted to the jury. We disagree. The trial court is not required to submit to the jury the question of a defendant's guilt of a lesser degree of the crime charged in the indictment when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972). In this case, defendant was charged with the felonious larceny of an automobile; the evidence presented by the State, aided by the doctrine of recent possession of stolen property, was positive as to each and every element of felonious larceny, and there was no conflicting evidence relating to any element.

Additionally, the necessity for instructing the jury as to a crime of lesser degree than charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Lampkins,* 286 N.C. 497, 212 S.E. 2d 106 (1975) ; *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235 (1971). In the present case, there was no evidence that would warrant or support a finding that defendant was guilty of the lesser included offense of unauthorized use of an automobile.

In re Chavis and In re Curry and In re Outlaw

We conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.