State v. Herman

STATE OF NORTH CAROLINA v. ANTHONY JEROME HERMAN

No. 7926SC872

(Filed 18 March 1980)

**Automobiles § 134; Larceny § 7.7— larceny of automobile—refusal to submit unauthorized use**

The trial court in a prosecution for larceny of an automobile under G.S. 14-72 did not err in refusing to submit an issue of defendant's guilt of unauthorized use of a motor vehicle in violation of G.S. 14-72.2 where the evidence tended to show that defendant was seen stealing the car; the car was discovered at another location a week later; the alternator and brakes had been damaged; and the keys were not in the car, since all the evidence showed larceny of the automobile.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 14 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 February 1980.

On 8 January 1979, Ms. Catherine White parked her car on Kate Street in the City of Charlotte, leaving her keys in the car, and went into her mother's home. Ms. Shirley Etheridge, a neighbor, testified that she observed the defendant coming down the street. "He sneaked up to the car, . . . he looked around like this, then he opened the door and jumped in and that was it."

The defendant offered an alibi for his whereabouts. The jury returned a verdict of guilty of larceny, a violation of G.S. 14-72. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick, for the State.*

*Assistant Public Defender Mary Chamblee for defendant appellant.*

HILL, Judge.

The sole question before this Court is whether the court erred in refusing to submit to the jury an issue of guilt of unauthorized use of a motor-propelled conveyance as provided in G.S. 14-72.2 [as rewritten by the 1977 General Assembly] as a lesser included offense of the larceny of an automobile under G.S. 14-72, for which the defendant was convicted.

Assuming arguendo that the unauthorized use of a motor vehicle is a lesser included offense of larceny of an automobile, we conclude that the court was under no duty to submit the lesser offense to the jury for the reason that there was no evidence to support such a verdict.

"The trial court is not required to submit to the jury the question of a defendant's guilt of a lesser degree of the crime charged in the indictment when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972)." *State v. Reese*, 31 N.C. App. 575, 230 S.E. 2d 213 (1976).

In this case the defendant was charged with the felonious larceny of an automobile. The evidence presented by the State was positive as to each and every element of felonious larceny, and there is no conflicting evidence relating to any element. The defendant was seen stealing the car. It was discovered about a week later in North Park Mall. The alternator was damaged, as were the brakes. No keys were in the car. All of this is evidence of larceny of an automobile—not unauthorized use of an automobile.

In defendant's trial we find

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.