STATE OF NORTH CAROLINA v. JAMES CARL COATS

No. 848SC436

(Filed 2 April 1985)

**1. Larceny § 7.2— felonious larceny—sufficient evidence of value**

The State's evidence of the value of stolen goods was sufficient to support defendant's conviction of felonious larceny where it tended to show that defendant took the victim's purse which contained fifty dollars, a check for approximately $650, and three diamond rings which had cost $2,100 when purchased some twenty years before.

**2. Larceny § 6.1— cost of stolen property**

Testimony that stolen rings had cost $2,100 when purchased twenty years before was admissible in a prosecution for larceny of the rings.

**3. Criminal Law § 66.1— in-court identification—opportunity for observation**

The trial court properly permitted a witness to identify defendant as the perpetrator of a larceny where the witness clearly testified that she had an opportunity to observe defendant and that she based her in-court identification on her observation of defendant committing the larceny.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 2 December 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 January 1985.

Defendant was indicted and tried for felonious larceny of the following items which were in a purse belonging to Jeanne Mel-

rose: fifty dollars, a United States government check for approximately $650, a diamond wedding band, and an engagement ring. The total value of the stolen items listed in the indictment was $2,115.

At trial the evidence for the State tended to show the following. On 2 April 1983, Melrose went to Bogart's, a nightclub. She sat down in a booth, and then went to the restroom leaving her grey purse and sweater in the booth. When Melrose returned to her table, there were other people sitting there. As Melrose looked unsuccessfully for her purse, Karen Temple, who was sitting in the booth, told her that she had seen someone take the purse and sweater. Temple pointed out the defendant, who was leaving the club, as the man who had taken the purse.

Goldsboro Police Officer Cecil Lupton testified that on 2 April 1983 he went to Bogart's with another officer and searched defendant's truck and the surrounding area, but they did not find the purse or the sweater.

Karen Temple saw defendant pick up Melrose's purse and sweater and walk out the back door. Temple identified defendant to Melrose and the police officer. A month later defendant called Temple and arranged a meeting. When Temple saw defendant she recognized him as the man who took the purse, but because she was scared she told defendant that she knew he had not taken the purse.

Beth Hooks testified that on 5 April 1983 defendant asked her to give the purse to Melrose's daughter. Defendant opened the purse in front of Hooks and inventoried the contents: ten dollars, the government check and some other items; there were no rings.

Defendant, testifying on his own behalf, said that he went to Bogart's with his friend, Charles. They sat in a booth, took off their coats, ordered setups, and went to the restroom. When they returned their seats were taken and their coats and fifth of gin were gone. The police officers arrived and searched defendant and his truck for Melrose's purse. The following Monday defendant found the purse, and he returned it to Bogart's. A woman named Sandra called defendant and asked him to contact Temple. Defendant called Temple, they met in a parking lot in front of a

grocery store, Temple told defendant she knew he had not stolen the purse. Defendant tape recorded their conversation.

The jury returned a verdict of guilty of felonious larceny. From the judgment and sentence of three years, the presumptive term, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*John W. Dees for defendant appellant.*

PARKER, Judge.

[1] In his first assignment of error defendant argues that the trial court erred in failing to grant his motion to dismiss at the close of all evidence. The evidence is sufficient to withstand defendant's motion to dismiss if, when viewed in the light most favorable to the State, there is substantial evidence of all essential elements of the offense. *State v. Brackett*, 306 N.C. 138, 291 S.E. 2d 660 (1982).

The essential elements of larceny are that defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982). Larceny of goods valued at more than $400 is a Class H felony. G.S. 14-72(a). Defendant contends that there was insufficient evidence of the value of the stolen goods to support the charge of felonious larceny, and his motion to dismiss should have been granted. We do not agree.

The State's evidence tended to show that defendant took Melrose's purse which contained fifty dollars, a check for approximately $650, and three diamond rings. When viewed in the light most favorable to the State, these items together were clearly worth more than $400.

[2] Defendant next assigns error to the trial court's failure to strike Melrose's testimony that the rings had cost $2,100. Melrose testified that the rings were twenty years old, and described them as a yellow gold wedding ring with five little diamonds, a yellow gold engagement ring with a diamond in the middle and two smaller diamonds on each side, and a third yellow gold ring

with a cluster of eight or nine diamonds. As the evidence that the rings had originally cost $2,100 was admissible, *State v. Dickerson*, 20 N.C. App. 169, 201 S.E. 2d 69 (1973); *see State v. McCambridge*, 23 N.C. App. 334, 208 S.E. 2d 880 (1974); *see generally*, 1 Brandis on North Carolina Evidence § 128 (2nd ed. 1982), defendant's assignment of error is overruled.

[3] In his third assignment of error defendant argues that the trial court erred in allowing Temple to identify him as the alleged perpetrator. Temple testified that she "saw the purse and sweater in [defendant's] hand when he moved. He finished his drink, set his cup down, then he walked through that back door and we went and sat down." Her in-court identification was based on her observation of defendant committing the larceny:

> I pointed [defendant] out to [Melrose]—I said, "That's the man that carried the purse and sweater out." And then I went back inside and I sat down and in a few minutes [Melrose] came back inside and asked me would I go back out in the hall because the police was out there.
>
> . . . .
>
> Q. (Mr. Ferguson) This man that you identified to Ms. Melrose, who was that?
>
> A. Who was the man?
>
> Q. Yes, ma'am.
>
> A. That man over there, Mr. Coats.

Temple clearly testified that she had an opportunity to observe defendant, and she based her in-court identification on her observations when the purse was stolen. Moreover, any lack of certainty in this identification would go to the weight and not the admissibility of the testimony. *State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981).

We have carefully considered defendant's assignments of error and find

No error.

Chief Judge HEDRICK and Judge WHICHARD concur.