An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-989

Filed: 17 February 2015

STATE OF NORTH CAROLINA

v.

CEDRIC DEVON YOUNG

Cabarrus County

Nos. 11 CRS 2421, 3027

Appeal by defendant from judgment entered 24 April 2014 by Judge Christopher W. Bragg in Cabarrus County Superior Court. Heard in the Court of Appeals 4 February 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Lora C. Cubbage, for the State.*
>
> *Bryan Gates for defendant-appellant.*

INMAN, Judge.

Cedric Devon Young ("defendant") appeals from judgment entered after a jury convicted him of felony larceny from a merchant. Defendant's sole argument on appeal is that the trial court erred by admitting evidence of a similar crime allegedly committed by defendant, in violation of Rule 404(b) of the North Carolina Rules of Evidence.

After careful review, we find no prejudicial error.

## Background

The following evidence was presented at trial: On 24 March 2010, Chase Morgan ("Morgan"), a loss prevention employee at Burlington Coat Factory in Concord, noticed two male subjects in the men's department, one of whom Morgan identified as defendant. Through the store's video security camera, Morgan saw the two men remove tags and sensors from pieces of merchandise, place the removed tags and censors in the pockets of other articles of clothing in the store, then conceal the pieces of clothing from which they had removed the tags and censors. Morgan contacted the Concord Police Department to report a larceny in progress. After seeing the two men leave the store, Morgan examined merchandise in that area and verified that security sensors had been cut and placed into pockets of jeans in the men's department. When the police officers arrived at the scene, Morgan identified defendant and another man as the two perpetrators. Although the other man attempted to flee, officers were able to apprehend both individuals. The officers searched defendant and found that he was concealing two shirts, two pairs of shorts, a hat, and a wire-cutting tool. Morgan testified that the shirts would have been affixed with security censors in the store, but the censors on the shirts concealed by defendant had been removed. The total value of the goods recovered from defendant was approximately $180.00.

The State also presented testimony from Deron Finney ("Finney"), another loss prevention agent, who testified that he caught defendant stealing articles of clothing

from a Hollister clothing store at the Four Seasons Mall in Greensboro on 27 November 2012. Finney testified that he saw defendant and another man conceal merchandise in the women's department of the store. When Finney and other security personnel attempted to apprehend defendant, defendant ran through an emergency exit. Ultimately Finney and others were able to wrestle defendant to the ground. Finney recovered articles of clothing that defendant attempted to discard while being escorted back to the store, which Finney testified normally would have been equipped with security sensors, but the sensors had been removed.

Defendant objected to the admission of Finney's testimony primarily on the ground that the two-and-a-half year difference in time between the alleged larceny at the Burling Coat Factory and the Hollister store was not close enough to support the State's argument that this evidence could be used to show modus operandi, lack of mistake, and a common scheme or plan. The trial court admitted the testimony over defendant's objection, finding the following similarities between the two incidents: (1) both offenses occurred in large malls; (2) defendant acted with an accomplice in both instances; (3) each act involved larceny of clothing; (4) each act involved removal of an antishoplifting or inventory control device; (5) each act involved concealment of clothing on the person of defendant; and (6) each act occurred outside defendant's home county of Forsyth.

The jury convicted defendant of larceny from a merchant, and defendant pled guilty to having attained the status of an habitual felon. The trial court sentenced

defendant to 110 to 141 months imprisonment.  Defendant gave notice of appeal in open court.

**Discussion**

Defendant's sole argument on appeal is that the trial court erred by allowing Finney to testify regarding the alleged larceny committed at Hollister in 2012.  We hold that no prejudicial error occurred.

"When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling . . . we look to whether the evidence supports the findings and whether the findings support the conclusions.  We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)."  *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012).  A trial court's error in admitting evidence that should have been excluded under Rule 404(b) warrants a new trial only where the defendant demonstrates prejudice—that, absent the trial court's mistake, there was a reasonable possibility that the jury would have reached a different outcome.  N.C. Gen. Stat. § 15A-1443 (2013); *see, e.g., State v. Morgan*, 315 N.C. 626, 640, 340 S.E.2d 84, 93 (1986) ("Although we find that it was error to admit the extrinsic conduct evidence pursuant to Rule 404(b) . . . we hold that there is no reasonable possibility that, had the error in question not been committed, a different result would have been reached at trial." (citation and quotation marks omitted)).

Here, defendant contends that the trial court erred by admitting Finney's testimony regarding the alleged larceny at the Hollister in 2012 because the

similarities identified by the trial court between that incident and the underlying crime are generic features of any larceny from a merchant and the incidents were too remote in time to satisfy the requirement of temporal proximity.

Even assuming *arguendo* that the trial court erred by admitting Finney's testimony, defendant has failed to carry his burden of demonstrating prejudice. "The essential elements of larceny are that [the] defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property." *State v. Coats*, 74 N.C. App. 110, 112, 327 S.E.2d 298, 300 (1985). Under N.C. Gen. Stat. § 14-72.11 (2013), it is a Class H felony to commit larceny against a merchant by "removing, destroying, or deactivating a component of an antishoplifting or inventory control device to prevent the activation of any antishoplifting or inventory control device."

The State presented overwhelming evidence that defendant committed the charged crime of larceny from a merchant against Burlington Coat Factory. Specifically, the undisputed evidence at trial showed that: (1) defendant was seen by Morgan and captured on camera removing antishoplifting devices from articles of clothing in the men's department at Burlington Coat Factory; (2) security censors had been removed from articles of clothing and placed into the pockets of jeans in the men's department; (3) security footage captured defendant and his accomplice attempting to leave the store with the concealed merchandise without paying; (4) officers recovered articles of clothing on defendant's person that Morgan testified

normally would have been equipped with security censors, but the sensors were missing; and (5) officers found a wire-cutting tool in defendant's front right pocket.

In light of this evidence, defendant has failed to demonstrate a reasonable possibility that, but for the admission of Finney's testimony, the jury would have reached a different result. *See State v. LePage*, 204 N.C. App. 37, 43-44, 693 S.E.2d 157, 162 (2010) (finding no prejudicial error where the trial court's allegedly erroneous admission of evidence under Rule 404(b) would not have affected the jury's verdict in light of overwhelming evidence of guilt).

## Conclusion

For the foregoing reasons, we hold that the trial court's admission of Finney's testimony did not amount to prejudicial error.

NO PREJUDICIAL ERROR.

Judge DIETZ concurs.

Judge STEELMAN concurs in result by separate opinion.

Report per Rule 30(e).

No. COA14-989 – *State v. Young*

Judge STEELMAN, concurring in the result.

*STEELMAN, J., concurring*

I would clearly hold that the learned trial judge did not err in admitting evidence pursuant to Rule 404(b) of the North Carolina Rules of Evidence.