STATE OF NORTH CAROLINA v. KHALIL JACOBS

No. 169A09

(Filed 12 March 2010)

**1. Appeal and Error— preservation of issues—exclusion of evidence—no· offer of proof**

In a first-degree murder prosecution, the exclusion of testimony from defendant's companion at the scene about the victim's prior convictions, his reputation in the community, and how often he carried firearms was not preserved for appellate review where there was no offer of proof and the significance of the evidence was not obvious from the record.

**2. Appeal and Error— exclusion of evidence—subsequent remedy—no offer of proof**

Any error by the trial court in a first-degree murder prosecution in its initial exclusion of evidence about the victim's character was cured by the court's subsequent ruling that the evidence, supported by a proper foundation, would be admitted. There was no offer of proof for other precluded testimony about whether defendant had any problem with the victim prior to the shooting, and the Supreme Court declined to speculate as to what the additional testimony would have been and, without a proffer, could not determine whether prejudicial error occurred.

**3. Evidence— victim's reputation—evidence excluded—no abuse of discretion**

The trial court did not abuse its discretion in a first-degree felony murder prosecution arising from an alleged robbery by precluding defendant from testifying about his knowledge of specific instances of violent behavior by the victim. The exclusion of evidence under the N.C.G.S. § 8C-1, Rule 403 balancing test lies within the trial court's sound discretion and will only be disturbed where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

**4. Evidence— victim's convictions excluded—no prejudicial error**

The trial court did not err in a first-degree murder prosecution by excluding certified copies of the victim's prior convictions where those convictions would corroborate defendant's

testimony that the victim was a violent person who had been incarcerated. There is no reasonable possibility of a different result in light of other evidence.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 195 N.C. App. ——, 673 S.E.2d 724 (2009), finding no prejudicial error in a trial resulting in a judgment entered on 15 October 2007 by Judge Stuart Albright in Superior Court, Guilford County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 10 September 2009.

*Roy Cooper, Attorney General, by Melissa L. Trippe and Mark A. Davis, Special Deputy Attorneys General, for the State.*

*Russell J. Hollers III for defendant-appellant.*

EDMUNDS, Justice.

On 15 October 2007, a jury found defendant Khalil Jacobs guilty of the murder of George Nichols. In this appeal, we consider whether the trial court erred in excluding evidence proffered by defendant in the form of certified copies of the victim's prior armed robbery convictions and certain testimony about the victim. We conclude that defendant failed to preserve for appellate review several of his objections and that the trial court did not commit prejudicial error in its evidentiary rulings. Accordingly, we affirm the decision of the Court of Appeals.

Evidence at trial showed that on 20 March 2007, defendant, who was the passenger in a car being driven by Keschia Blackwell, asked her to stop at the Great Stops gas station and convenience store at 2410 East Market Street in Greensboro so he could purchase a beer. Dana Hampton, accompanied by his friend, victim George Nichols, was also at Great Stops fueling his car. Upon seeing Hampton and the victim, defendant asked Blackwell to stop her car near them so he could talk to them. Defendant approached the victim because the victim had purchased pit bull puppies from defendant several weeks before and still owed defendant about three hundred fifty dollars of the purchase price. Despite numerous attempts, defendant had been unable to collect the remaining money.

Following defendant's instructions, Blackwell stopped close to Hampton's car, and defendant exchanged a few words with the victim

**STATE v. JACOBS**

[363 N.C. 815 (2010)]

through the open window of Blackwell's car. The victim told defendant that the only money he had was approximately three dollars in his pocket. Defendant exited Blackwell's vehicle and an argument ensued between defendant and the victim. Blackwell testified that defendant said "give me everything in your pocket." The argument quickly escalated into a gunfight.

Multiple eyewitnesses indicated defendant fired first. Hampton then grabbed a nine-millimeter handgun from his car and fired eight shots at the retreating defendant, missing every time. As defendant fled on foot, Hampton helped the victim, who had been hit twice, into his car, then drove away. The victim died of wounds to his back and thigh.

Defendant took the stand on his own behalf and testified that the victim grew "loud" and "belligerent" during their encounter at Great Stops, then grabbed defendant and told Hampton, "get him, D." Defendant stated that, after hearing a gunshot, he fired twice to escape the victim's clutches and to avoid being shot by Hampton, who was shooting at him. Defendant then ran.

As detailed below, the trial court sustained the State's objection when defendant attempted to introduce into evidence certified copies of the victim's prior convictions for armed robbery. The trial court also sustained the State's objections both to a series of questions about the victim that defense counsel sought to ask during his cross-examination of Hampton, who testified for the State, and to another set of questions about the victim that defense counsel posed later when defendant testified. At the conclusion of all the evidence, the trial court instructed the jury as to both premeditated and deliberate first-degree murder and felony murder based upon the underlying felony of attempted armed robbery. The jury convicted defendant of first-degree murder under the felony murder rule only, and the trial court imposed a life sentence.

On appeal, the Court of Appeals majority found no prejudicial error, determining that, as to defendant's questions of Hampton regarding the victim's criminal history, defendant had not established that Hampton had the requisite knowledge, nor had he made an offer of proof that Hampton knew of any of the victim's convictions. —— N.C. App. ——, ——, 673 S.E.2d 724, 728 (2009). In addition, by failing to make offers of proof, defendant had waived his right to challenge the admissibility of evidence pertaining to the victim's character and, in any event, had not demonstrated prejudice. *Id.* at ——, 673 S.E.2d

at 730. The Court of Appeals also held that the trial court's exclusion of the certified copies of the victim's convictions was appropriate because such certified copies are not admissible under Rule 404(b) and defendant had not shown that the victim's dangerousness was an essential element of a defense under Rule 405(b). *Id.* at ——, 673 S.E.2d at 728-30. The Court of Appeals dissent would have found that both the evidence of the victim's character and the certified copies of the victim's armed robbery convictions were admissible and that defendant was prejudiced by their exclusion. *Id.* at ——, 673 S.E.2d at 732, 735, 737 (McGee, J., dissenting in part).

**[1]** We first address the trial court's exclusion of certain evidence of the victim's character during Hampton's testimony. Hampton testified that the victim originally placed in Hampton's car the nine-millimeter handgun that Hampton used to return fire at defendant. However, when defense counsel sought to elicit from Hampton additional testimony about how often the victim carried such weapons, the nature of the victim's reputation in the community, and the felony or felonies of which the victim had previously been convicted, the trial court sustained the State's objections.

This Court has held that:

"[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record. We also held that the essential content or substance of the witness' testimony must be shown before we can ascertain whether prejudicial error occurred."

*State v. Raines*, 362 N.C. 1, 20, 653 S.E.2d 126, 138 (2007) (quoting *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985) (alteration in original)), *cert. denied*, —— U.S. ——, 174 L. Ed. 2d 601 (2009); N.C.G.S. § 8C-1, Rule 103(a)(2) (2009). Absent an adequate offer of proof, we can only speculate as to what a witness's testimony might have been. *State v. Barton*, 335 N.C. 741, 749, 441 S.E.2d 306, 310-11 (1994) (quoting *State v. King*, 326 N.C. 662, 674, 392 S.E.2d 609, 617 (1990)).

Here, Hampton was permitted to testify that he knew the victim was a convicted felon. When asked how he knew that, Hampton responded, "Hearsay," adding that the victim had not told him about any prior convictions. Defense counsel then asked which of the vic-

tim's convictions were known to Hampton, and although the trial court sustained the State's objection, Hampton nonetheless responded, "I don't know exactly." No offer of proof was made regarding any details Hampton knew about the victim's criminal history, nor is the significance of any purported knowledge or lack of knowledge of these convictions on the part of Hampton, defendant's companion at the time of the shooting, obvious from the record. Accordingly, the exclusion of this evidence has not been preserved for appellate review.

As to the victim's reputation in the community and how often the victim carried firearms, the record does not reflect what Hampton knew, and defense counsel did not seek to make an offer of proof or request that the witness be allowed to answer outside the presence of the jury. As above, the significance of this evidence is not apparent from the record and we will not speculate as to what it might have been. *See Raines*, 362 N.C. at 19-20, 653 S.E.2d at 138.

**[2]** Defense counsel also attempted to elicit evidence of the victim's character while examining defendant. The trial court initially sustained the State's objection when defense counsel asked defendant whether the victim had a reputation in the community. However, after a colloquy, the trial court reconsidered and ruled that the evidence "for the most part would all be admissible" if the proper foundation were laid.

Any error by a trial court in sustaining an objection may be cured by a later ruling reversing the court's initial determination, even if neither party then chooses to make further inquiry as permitted by the later ruling. *State v. Hardy*, 339 N.C. 207, 236, 451 S.E.2d 600, 616 (1994). In *Hardy*, the defendant argued that the trial court erred in preventing him from impeaching a witness on the grounds of the witness's marijuana use and poor memory. *Id.* at 235, 451 S.E.2d at 616. The trial court sustained the State's objection when defense counsel asked the witness whether he was a drug user. *Id.* The State objected again when defense counsel asked whether the witness smoked marijuana on the day in question. *Id.* The trial court did not rule on this second objection but conducted a proceeding off the record, then stated on the record outside the presence of the jury that defense counsel could pursue the line of questioning regarding the witness's marijuana usage. 339 N.C. at 235-36, 451 S.E.2d at 616. Nevertheless, defense counsel asked no further questions of that witness regarding the witness's drug use. *Id.* at 236, 451 S.E.2d at 616. This Court concluded that the defendant had not been precluded from asking the

witness about his marijuana use and could not complain on appeal about his own choice not to pursue that line of inquiry. *Id.*

Here, the State objected when defense counsel asked defendant whether the victim had a reputation in the community. The trial court initially sustained this objection but defense counsel immediately asked to approach the bench and appropriately made the proffer necessary to preserve for appellate review the trial court's ruling excluding this evidence. *See Raines*, 362 N.C. at 19-20, 653 S.E.2d at 138. A lengthy colloquy followed outside the presence of the jury. Defendant proffered that the victim had a reputation in the community, had told defendant he was a member of the Crips gang, and had robbed and shot people and been in jail. Defendant added that he was in fear when the victim raised his voice as the encounter that led to the murder escalated, and that he "wouldn't start no trouble with two men that I know carry guns."

At the conclusion of the colloquy, the trial court ruled "that if the defendant lays a proper foundation at this point . . . and the proper questions are asked, I believe that the proffered testimony for the most part would all be admissible." Further, the court found that

> If a proper foundation is laid that such fact that the defendant or the victim was allegedly a member of a street gang, specifically the [Crips], [this evidence] would bear on the reasonableness of the defendant's apprehension of [imminent] death or serious bodily injury and would not be outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury nor would it be—nor would it cause undue delay, waste of time or needless accumulation of evidence.

Defendant then resumed his testimony in the presence of the jury. Defense counsel questioned defendant extensively about the shooting and asked defendant several questions about the victim, including the victim's membership in the Crips, but did not again inquire whether the victim had a reputation in the community. Thus, defendant waived his opportunity to pursue this line of questioning. Any error by the trial court in its initial exclusion of that evidence was cured by the court's subsequent ruling that an inquiry, supported by a proper foundation, would be permitted.

Later in defendant's testimony, the trial court precluded defendant from answering defense counsel's question as to whether he had any problem with the victim prior to the shooting. However, defend-

ant made no offer of proof and we are unable to ascertain the significance of the excluded evidence. The record indicates that, prior to the objection, defendant testified that he had seen the victim more than ten times, that defendant was having difficulty collecting money the victim owed him for the puppies, that the victim would raise his voice when confronted by defendant about the money owed, and that Hampton would create a menacing presence by standing behind the victim while carrying a gun. We decline to speculate as to what defendant's additional testimony would have been and, in the absence of a proffer, cannot ascertain whether prejudicial error occurred without knowing whether the evidence excluded by the trial court would have indicated problems between defendant and the victim beyond those described to the jury, or the import of any such problems. *See Raines*, 362 N.C. at 19-20, 653 S.E.2d at 138.

**[3]** The trial court also precluded defendant from testifying about his knowledge of specific instances of violent behavior by the victim. The trial court initially overruled the State's objection when defense counsel asked defendant what he knew about the victim that led defendant to believe he was about to be shot. However, when defendant responded that the victim had told defendant he had shot people, been to prison, committed armed robbery, and kicked in people's doors and tied them up, the State again objected. The State did not advise the court of the basis for its objection and the court sustained the objection without comment. Defendant contends that the trial court erred in sustaining the objections to this response and to the question regarding defendant's knowledge of the victim's violent acts.

A sustained general objection is sufficient if there is any valid ground of objection. 1 John Henry Wigmore, *Evidence* § 18, at 818-28 (Peter Tillers ed., 1983), *see also* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 19, at 84 (6th ed. 2004) ("[W]here a general objection is sustained, it seems to be sufficient, if there is any purpose for which the evidence would be inadmissible."(citing, *inter alia*, N.C.G.S. § 8C-1, Rule 103(a)(2))). Accordingly, we consider the various bases for admission or exclusion of this evidence.

Evidence of a person's character ordinarily is not admissible for the purpose of proving that he or she acted in conformity with that character trait on a particular occasion. N.C.G.S. § 8C-1, Rule 404 (2009). However, this rule does not prohibit one accused of a criminal offense from offering evidence of a pertinent character trait of

the victim. *Id.* Rule 404(a)(2). Generally, when character evidence of a victim is admissible on behalf of the defendant, proof may be made on direct examination either by testimony as to reputation or in the form of an opinion. *Id.* Rule 405(a) (2009). Moreover, when character or a trait of character of the victim is an essential element of the defense, a defendant may also offer proof of specific instances of the victim's conduct. *Id.* Rule 405(b) (2009). In addition, Rule 404(b) permits admission of evidence of "other crimes, wrongs, or acts," as specified.

Defendant's proposed testimony that he knew of certain violent acts by the victim and that the victim's time in prison led defendant to believe he was about to be shot, is principally pertinent to defendant's claim at trial that he shot the victim in self-defense and consequently was not guilty of first-degree murder on the basis of malice, premeditation, and deliberation. This excluded evidence supports defendant's self-defense claim in two ways: (1) defendant's knowledge of the victim's past at the time of the shooting is relevant to defendant's mental state; and (2) the light this knowledge cast on the victim's character could make it more likely that the victim acted in a way that warranted self-defense by defendant. However, because the jury acquitted defendant of premeditated and deliberate first-degree murder without having heard this evidence, any error in the trial court's ruling as it relates to defendant's charge of premeditated and deliberate murder is self-evidently harmless. *See State v. Shouse,* 166 N.C. 276, 278, 166 N.C. 306, 308, 81 S.E. 333, 334 (1914) (When the defendant was charged with first-degree murder, any error in the admission of evidence of threats made by the defendant that might relate to the victim, offered to establish premeditation and deliberation, was "irrelevant, unnecessary, and harmless" as a practical matter when the defendant was convicted of second-degree murder only.). As to felony murder, self-defense is available only to the extent that it relates to applicable underlying felonies. *State v. Richardson,* 341 N.C. 658, 668, 462 S.E.2d 492, 499 (1995). We fail to see how defendant could plead self-defense to a robbery the jury found he had attempted to commit himself.

However, defendant also contends that this evidence is relevant to the charge of attempted armed robbery. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (2009). Accordingly, defendant's knowledge of the

STATE v. JACOBS

[363 N.C. 815 (2010)]

victim's violent acts and prison time is arguably relevant to defendant's contention that he did not form the intent to commit the underlying felony of attempted armed robbery because there is greater disincentive to rob someone who has been to prison or committed violent acts. On that basis, this evidence meets the low threshold of relevancy because it could have some tendency to make it less likely that defendant attempted to rob the victim.

Next we consider whether this evidence is impermissible character evidence. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes . . . ." *Id.* Rule 404(b). The evidence of the victim's prior bad acts would be impermissible character evidence if its only relevance was to the victim's behavior at the time of the shooting. However, because the evidence is relevant to defendant's state of mind, it is not prohibited by Rule 404(b). *See State v. Gibson*, 333 N.C. 29, 42, 424 S.E.2d 95, 102-03 (1992) (The defendant's statements showed a propensity to commit murder, but also related to the defendant's state of mind, and so were not prohibited by Rule 404(b).), *overruled on other grounds by State v. Lynch*, 334 N.C. 402, 409-10, 432 S.E.2d 349, 352-53 (1993).

Nevertheless, under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (2009). The exclusion of evidence under the Rule 403 balancing test lies within the trial court's sound discretion and will only be disturbed "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). Defendant argues that he feared being shot and would not attempt to rob someone with the victim's criminal past and history of bad acts. However, defendant testified on cross-examination that he was not afraid of the victim. Although he was not permitted to testify about specific instances of the victim's conduct, defendant was permitted to testify that the victim was a member of the Crips gang and that Hampton, when with the victim, would behave in a menacing manner. Under the deferential standard of review applicable here, we conclude that the trial court did not abuse its discretion when it excluded this evidence as to defendant's charge of attempted armed robbery.

**[4]** Finally, we turn to the exclusion of the certified copies of the victim's convictions. When defendant sought to introduce into evidence these copies of the victim's convictions for armed robbery, the trial court sustained the State's objection, saying:

> I don't think they're relevant. I don't think they're admissible. To the extent they are relevant under Rule 403, the Court would find that any alleged probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or very minimum needless presentation of cumulative evidence based on the testimony.

In the case *sub judice*, both the majority and the dissenting judge in the Court of Appeals cited the dissenting opinion in *State v. Wilkerson*, 148 N.C. App. 310, 559 S.E.2d 5, *rev'd per curiam*, 356 N.C. 418, 571 S.E.2d 583 (2002). In *Wilkerson*, the State entered into evidence during its case in chief testimony from a court official listing defendant's prior criminal convictions. *Id.* at 311, 559 S.E.2d at 6. This Court reversed the Court of Appeals decision in *Wilkerson* for the reasons stated in the dissenting opinion.

> [A]dmitting the bare fact of a defendant's prior *conviction*, except in cases where our courts have recognized a categorical exception to the general rule (e.g. admitting prior sexual offenses in select sexual offense cases, and admitting prior traffic-related convictions to prove malice in second-degree murder cases), violates Rule 404(b) (as the conviction itself is not probative for any Rule 404(b) purpose) as well as Rule 403, as the bare fact of a prior conviction is inherently prejudicial such that any probative value of the conviction is substantially outweighed by the danger of unfair prejudice.

*Id.* at 327-28, 559 S.E.2d at 16 (Wynn, J., dissenting). While *Wilkerson* involved the prior convictions of a defendant, we now consider certified copies of prior convictions of a *victim*.

The copies of the victim's convictions are relevant in that they are consistent with and corroborate to a degree defendant's testimony about the victim's violent past and prison time. Although they would be inadmissible under Rule 404(b) merely "to prove the character of [the victim] in order to show that he acted in conformity therewith," these convictions serve the separate purpose of corroborating defendant's testimony that the victim was a violent person who had been incarcerated. Accordingly, their admission is not precluded by

Rule 404(b). Unlike prior convictions of a defendant, evidence of a victim's prior convictions does not encourage the jury to acquit or convict on an improper basis. *Cf. id.* at 328, 559 S.E.2d at 16 ("By permitting the State to introduce the bare fact of a defendant's prior conviction, we permit the jury to surmise that the defendant, having once formed the necessary intent or developed the requisite *mens rea,* undoubtedly did so again; after all, another jury has already conclusively branded the defendant a criminal."). We cannot discern a basis for excluding the victim's convictions under Rule 403 because the victim was not on trial and, without this evidence, defendant's self-serving testimony lacked objective corroboration on this point. Accordingly, the trial court erred in excluding this evidence.

Nevertheless, "evidentiary error does not necessitate a new trial unless the erroneous admission was prejudicial." *State v. Wilkerson,* 363 N.C. 382, 415, 683 S.E.2d 174, 194 (2009) (citations omitted). The same rule applies to exclusion of evidence. *See State v. Brewer,* 325 N.C. 550, 565, 386 S.E.2d 569, 577 (1989), *cert. denied,* 495 U.S. 951, 109 L. Ed. 2d 541 (1990). Evidentiary error is prejudicial "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2009); *accord Wilkerson,* 363 N.C. at 415, 683 S.E.2d at 194. Defendant bears the burden of showing prejudice. N.C.G.S. § 15A-1443(a).

Here, defendant has not shown a reasonable possibility of a different result had the evidence been admitted. As noted above, the evidence pertained to defendant's state of mind at the time of the confrontation. However, there is no reasonable possibility that the jury would have reached a different verdict in light of other evidence that supports defendant's conviction. According to evidence presented to the jury, the victim owed defendant money and would not repay the debt despite defendant's several demands. On the night in question, the armed defendant intentionally entered into a confrontation with two men he knew to be violent and told the victim to "give me everything in your pocket."

Accordingly, we find no reasonable possibility that the jury would have reached a different result if the victim's conviction records had been admitted. As explained above, the testimony that they support has low probative value, and abundant admitted evidence indicated defendant was well aware he was confronting two violent men. Defendant has not demonstrated a reasonable possibil-

ity that a different result would have been reached had the convictions been admitted. *Id.*

We affirm the Court of Appeals decision finding no prejudicial error by the trial court.

AFFIRMED.