NO. COA13-757

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.                                      Union County
                                       No. 11 CRS 54880
SUSAN LYNETTE PARKER,
     Defendant.


Appeal by defendant from judgment entered 28 January 2013 by Judge Christopher W. Bragg in Union County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Katherine A. Murphy, for the State.*
>
> *Leslie C. Rawls for defendant-appellant.*


BRYANT, Judge.

Where the State presents substantial evidence of each element of the charge of embezzlement, defendant's motion to dismiss the charge is properly denied. Where evidence of prior bad acts admitted pursuant to Rule 404(b) is used to show, *inter alia*, motive, intent and common plan or scheme, and where the probative value of such evidence outweighs its prejudicial

effect, the trial court has neither erred nor abused its discretion by admitting the evidence.

In 2008, defendant Susan Lynette Parker began work as a secretary in the Union County Public Schools (the "school system"). Defendant's job responsibilities included purchasing food and non-food items for school meetings, training sessions, and programs. Purchases were typically conducted with a school system credit card. The school system would also reimburse employees such as defendant for purchases made using personal funds and for any mileage expenses incurred.

Also beginning in 2008, defendant worked as the bookkeeper for the Centerview Baptist Church. As church bookkeeper, defendant was responsible for paying the church's bills, keeping all financial records, and providing the church with quarterly financial reports.

In 2010, after noticing irregularities in the church's finances, the pastor of Centerview Baptist Church contacted the Union County Sheriff's Office. A police investigation and audit revealed that defendant had used the church's checking account to pay personal debts. Defendant subsequently apologized to the church and repaid the misappropriated funds.

The school system was notified of the police investigation into defendant's misappropriation of funds from the Centerview Baptist Church. Shortly thereafter, defendant's supervisor discovered her name had been forged on reimbursement forms submitted by defendant to the school system. After a police investigation of purchases defendant made using the school system credit card, defendant was arrested for embezzlement of school funds.

On 7 November 2011, a grand jury indicted defendant on one count of embezzlement. On 28 January 2013, a jury convicted defendant of embezzlement. Defendant appeals.

_____

On appeal, defendant argues that the trial court erred in (I) denying her motion to dismiss and (II) admitting evidence pursuant to Rule 404(b).

*I.*

Defendant first argues that the trial court erred in denying her motion to dismiss. We disagree.

A motion to dismiss is properly denied where there is substantial evidence of each element of the offense charged and of defendant being the perpetrator of that offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78—79, 265 S.E.2d 164, 169 (1980) (citations omitted). Evidence should be viewed in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581 (1975) (citation omitted). Where the State offers substantial evidence of each essential element of the crime charged, defendant's motion to dismiss must be denied. *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981) (citation omitted). We review a denial of a motion to dismiss *de novo*. *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007).

Defendant contends the trial court erred in denying her motion to dismiss because the State failed to prove embezzlement. Specifically, defendant argues that the State failed to offer substantial evidence that defendant used the school system's property for a wrongful purpose.

> N.C. Gen. Stat. § 14-90 defines the offense of embezzlement and requires the State to present proof of the following essential elements: (1) that the defendant, being more than 16 years of age, acted as an agent or fiduciary for his principal, (2) that he received money or valuable property of his principal in the course of his employment

> and by virtue of his fiduciary relationship, and (3) that he fraudulently or knowingly misapplied or converted to his own use such money or valuable property of his principal which he had received in his fiduciary capacity.

*State v. Rupe*, 109 N.C. App. 601, 608, 428 S.E.2d 480, 485 (1993) (citations omitted).  In establishing the third element of embezzlement, a fraudulent or knowing misapplication of property, the State can show such intent by direct or circumstantial evidence. *State v. McLean*, 209 N.C. 38, 40, 182 S.E. 700, 702 (1935) (citations omitted).  The State does not need to show that the agent converted his principal's property to the agent's own use, only that the agent fraudulently or knowingly and willfully misapplied it, or that the agent intended to fraudulently or knowingly and willfully misapply it. *State v. Smithey*, 15 N.C. App. 427, 429–30, 190 S.E.2d 369, 370–71 (1972) (citations omitted).

Here, the State presented evidence that defendant was an employee of the school system who used a school system credit card to make food purchases.  For example, defendant was instructed to purchase snack items such as pre-cut cheese, pre-cut fruit and grapes, and crackers, and other food items such as premade sandwiches and doughnuts to be served at teachers' conferences and events; defendant would then use the school

system credit card to purchase these items at Harris Teeter, Krispy Kreme or McAllister's Deli. Each time defendant was asked to make food purchases for the school system, defendant was required to submit a request form indicating when, where, and why the credit card was to be used. Once the purchase was completed, defendant would submit the request form with receipts for final approval by a school administrator.

The State presented evidence and testimony that numerous food purchases made by defendant were questionable because they consisted of items that would not be purchased by or served at school system events. Items flagged as questionable included: a mop, beef tortelloni, marinara sauce, hash browns, chicken, chewing gum, blocks of cheese, oatmeal, and hot sauce. Defendant also purchased coffee, creamer, sugar, and cups using the school system's credit card, products which school administrators testified defendant would not need to buy because they were provided through an outside vendor. Further, evidence showed that defendant had forged her supervisors' signatures and/or changed budget code information on credit card authorization forms and reimbursement forms at least 29 times, and submitted forms for reimbursement with unauthorized signatures totaling $6,641.02. As such, the State presented

sufficient evidence of each element of the charge of embezzlement to survive a motion to dismiss.

Defendant further argues that the State failed to meet its burden of proving each element of embezzlement because some witness testimony was contradictory as to whether certain food items were served at school events, and because purchase and reimbursement forms do not constitute embezzlement simply because the authorizing signatures are not authentic. We find defendant's argument to lack merit, as the State's evidence – of atypical food and item purchases and numerous forged signatures – presents sufficient evidence by which a jury could infer defendant's intent to commit embezzlement. *See State v. Sutton*, 53 N.C. App. 281, 287, 280 S.E.2d 751, 755 (1981) (holding that evidence that the defendant exceeded his authority in issuing himself coupons "permitted the inference" that the defendant had the fraudulent intent necessary for embezzlement); *State v. Helsabeck*, 258 N.C. 107, 128 S.E.2d 205 (1962) (holding that fraudulent intent, as required in the charge of embezzlement, can be inferred from the facts proven; direct evidence of such intent is not necessary). Accordingly, defendant's argument is overruled.

*II*.

Defendant next argues that the trial court erred by admitting evidence pursuant to Rule 404(b). We disagree.

> When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling, as it did here, we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.

*State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012).

North Carolina Rules of Evidence, Rule 404(b), holds that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2013). Rule 404(b) is "subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990).

> It is not required that evidence bear directly on the question in issue, and

> evidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact.

*State v. Stager*, 329 N.C. 278, 302, 406 S.E.2d 876, 890 (1991) (citations omitted). The admissibility of evidence under Rule 404(b) is further constrained by the requirements of similarity and temporal proximity. *State v. Al-Bayyinah*, 356 N.C. 150, 154—55, 567 S.E.2d 120, 123 (2002) (citations omitted).

The trial court conducted a hearing on the admissibility of the State's Rule 404(b) evidence during the trial, outside the presence of the jury. The State presented four witnesses who testified as to defendant's misappropriation of funds from Centerview Baptist Church, arguing that such evidence was permissible under Rule 404(b) to show an absence of mistake, opportunity, motive, intent, and/or common plan or scheme by defendant to embezzle from the school system. The trial court announced its findings of fact and conclusions of law in open court and admitted the evidence. Defendant does not contest the trial court's findings of fact; therefore, these findings are presumed to be supported by competent evidence and are binding on this Court. *See State v. Phillips*, 151 N.C. App. 185, 190—91, 565 S.E.2d 697, 701 (2002). Thus, we review the trial

court's conclusions of law based on its findings of fact. *Beckelheimer*, 366 N.C. at 130, 726 S.E.2d at 159.

In making its Rule 404(b) ruling, the trial court stated the following:

> The Court would review this issue and find that there are six different factors that the Court must consider before 404(B) evidence is admitted.
>
> First, that the State must identify specific purpose[s] in which to use this 404(B) evidence, and the Court is finding that the State is seeking to admit this evidence to show absence of mistake, opportunity, motive, intent, and a similar pattern of conduct.
>
> Next, the Court must consider whether or not this evidence is logically relevant to the evidence in the main case in chief. The Court would note that the dates of employment for Ms. Parker at both Union County Public Schools and Centerview Baptist Church do overlap. In a review of the case files, would also find that the dates of the offenses overlap almost to the day. Case number 11 CRS 54880, which is our current case, alleges an offense date of on or between August 24th of 2007 and August 10th of 2010, and the case with Centerview Baptist Church, which is 10 CRS 54380 alleged dates of offense of 1 September of 2007 through 9 August of 2010. Would also find that based on the testimony and evidence presented that the defendant was in similar positions of trust where she had access to funds or credit cards, checking accounts for both the church and the school system.
>
> The third factor the Court is to

> consider is, is there sufficient evidence to prove the extrinsic act, and those are the acts at Centerview Baptist Church [which] were committed by the defendant. The Court[,] based on the testimony specifically of the pastor and the accountant, Mr. Helms, would find that there is sufficient evidence to show that Ms. Parker embezzled from Centerview Baptist Church as her -- in her duties as the bookkeeper.

The trial court went on to find that the probative value of the evidence outweighed the danger of unfair prejudice, and admitted the Rule 404(b) evidence.

Defendant contends the trial court erred in admitting the Rule 404(b) evidence because defendant's acts of misappropriating Centerview Baptist Church funds and of embezzling from the school system are "sufficiently distinct" and, thus, are not permissible under Rule 404(b). Specifically, while defendant concedes that these two acts are "overlapping in time" (and thus, satisfy the requirement of temporal proximity), she contends they are not similar because misappropriation of the church funds was for personal purposes while the school system embezzlement involved "large or bulk quantity items suitable for use at various school events."

The record supports the trial court's conclusion of similarity and temporal proximity. Here, the Rule 404(b) evidence showed that the misappropriation of church funds

occurred about the same time as the embezzlement of school funds; that defendant held a similar position of trust in each setting which allowed her access to funds — checking account for the church, credit cards for the school; and that defendant abused that position of trust through the unauthorized use of funds and property. The only distinction is that defendant admitted to the misappropriation of the church funds and was allowed to repay the money. In the instant case, defendant exercised her right to a jury trial, requiring the State to set forth proof — substantial evidence by which a jury could find beyond a reasonable doubt that her misappropriation of school funds was intentional and constituted the crime of embezzlement. "Where specific mental intent or state of mind is an essential element of the offense charged, evidence of similar acts are admissible to prove defendant's intent or state of mind." *State v. Whitted*, 99 N.C. App. 502, 506, 393 S.E.2d 590, 593 (1990) (citation omitted). Accordingly, where, as here, the findings of fact support the trial court's conclusions of law, evidence of defendant's misappropriation of funds from the Centerview Baptist Church was properly admitted under Rule 404(b).

Defendant further argues that the admission of the Rule 404(b) evidence was unfairly prejudicial to her as "[e]vidence

of the Centerview events was prejudicial [on the] jury and not probative on any issue in the case at bar." We disagree.

Rule 404(b) is "a clear general rule of *inclusion*." *State v. Coffey*, 326 N.C. 268, 278—79, 389 S.E.2d 48, 54 (1990). Rule 404(b) evidence must meet Rule 403's balancing test which requires the exclusion of relevant evidence only where its probative value "is substantially outweighed by the danger of unfair prejudice." *State v. Jacobs*, 363 N.C. 815, 823, 689 S.E.2d 859, 864 (2010) (citing N.C. Gen. Stat. § 8C-1, Rule 403). However, any potential prejudicial effect caused by the admission of 404(b) evidence can be constrained by a limiting instruction to the jury. *See Beckelheimer*, 366 N.C. at 133, 726 S.E.2d at 160—61.

As previously discussed, the admission of evidence concerning the Centerview Baptist Church was proper under Rule 404(b). The trial court conducted a Rule 403 balancing test and gave an appropriate limiting instruction to the jury. We see nothing in the record indicating that the trial court abused its discretion in admitting the Rule 404(b) evidence against defendant. *See id*. (finding no abuse of discretion where the trial court conducted a hearing out of the presence of the jury, made findings of fact and conclusions of law as to the

admissibility of the evidence and its potential probative vs. prejudicial effect, and gave the jury a limiting instruction as to this evidence); *see also State v. Jones*, ___ N.C. App. ___, ___, 734 S.E.2d 617, 621—22 (2012) (State's use of Rule 404(b) evidence was proper to show element of intent in a charge of embezzlement against the defendant, and the defendant was not overly prejudiced where the trial court gave a limiting instruction to the jury); *State v. McDowell*, No. COA05-424, 2006 N.C. App. LEXIS 1871 (Sept. 5, 2006) (the defendant failed to show prejudice where the admission of Rule 404(b) evidence which tended to show the defendant's intent and knowledge for the charge of embezzlement was proper pursuant to Rules 403 and 404(b)). Accordingly, defendant's argument is overruled.

No error.

Judges STEPHENS and DILLON concur.