An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-895
NORTH CAROLINA COURT OF APPEALS

Filed: 17 March 2015

STATE OF NORTH CAROLINA

v.                                    Forsyth County
                                      Nos. 11 CRS 56748, 12 CRS 777
KORAIN DE-SHAWN WHITE


Appeal by Defendant from judgments entered 16 September 2013 by Judge David L. Hall in Superior Court, Forsyth County. Heard in the Court of Appeals 2 March 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General John P. Barkley, for the State.*
>
> *Charlotte Gail Blake for Defendant-Appellant.*

McGEE, Chief Judge.

Korain De-Shawn White ("Defendant") appeals from the judgments entered upon his convictions for driving while license revoked, felony fleeing to elude arrest, reckless driving to endanger, and having attained habitual felon status. For the reasons stated herein, we find no error in part, but arrest judgment in 11 CRS 056748, offense numbers 51 and 53, and remand for resentencing.

Defendant was indicted on 4 June 2012, for driving while license revoked, felony fleeing to elude arrest, and reckless driving to endanger, based on offenses alleged to have occurred on 7 July 2011. Defendant was subsequently indicted as an habitual felon. Defendant filed a motion *in limine* on 5 September 2012, seeking, in part, to prohibit the State "from mentioning or eliciting from any witness any alleged acts of prior misconduct on the part of [D]efendant or any reference to [D]efendant's past criminal conviction record," pursuant to N.C. Rules of Evidence 403 and 404(b).

Defendant was first tried on 18 March 2013 before Judge Susan Bray. Prior to trial, the trial court ruled on Defendant's motion *in limine*, stating that it would allow testimony regarding Defendant's prior charges from 2010, so long as no mention was made that the charges resulted in a conviction. Defendant's 18 March 2013 trial ended in a mistrial because the jury could not reach a unanimous verdict.

Defendant was retried at the 16 September 2013 Criminal Session of Forsyth County Superior Court, before Judge David L. Hall. Prior to trial, Defendant renewed his motion *in limine* regarding the presentation of any Rule 404(b) evidence. Judge Hall denied Defendant's motion, incorporating by reference Judge

Bray's findings and conclusions and ruling that it was "the law of the case."

Defendant was convicted by a jury of driving while license revoked, felony fleeing to elude arrest, and reckless driving to endanger. Defendant then pled guilty to having achieved habitual felon status. The trial court sentenced Defendant to a term of 120 days' imprisonment for driving while license revoked, and a concurrent term of 75 to 99 months' imprisonment on the remaining charges. Defendant appeals.

Defendant first argues that the trial court abused its discretion by allowing the State to present Rule 404(b) evidence. Defendant contends that Judge Hall erred when he adopted Judge Bray's ruling from the first trial and determined it was the law of the case. We decline, however, to review Defendant's argument. This Court has stated that "[a] motion *in limine* does not preserve a question for appellate review in the absence of the renewal of the objection at trial." *State v. Crandell*, 208 N.C. App. 227, 235, 702 S.E.2d 352, 358 (2010) (citations omitted), *disc. review denied*, 365 N.C. 194, 710 S.E.2d 34 (2011). Defendant failed to object to the evidence during his second trial. Accordingly, Defendant failed to preserve his challenge to the admission of the

evidence. In addition, Defendant does not argue on appeal that the introduction of any Rule 404(b) evidence prejudiced him.

> "[E]videntiary error does not necessitate a new trial unless the erroneous admission was prejudicial." . . . . Evidentiary error is prejudicial "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2009). Defendant bears the burden of showing prejudice. N.C.G.S. § 15A-1443(a).

*State v. Jacobs*, 363 N.C. 815, 825, 689 S.E.2d 859, 865-66 (2010) (citations omitted).

Defendant next argues that the trial court erred by failing to arrest judgment on his misdemeanor convictions for reckless driving and driving while license revoked. Defendant, citing *State v. Mulder*, ___ N.C. App. ___, 755 S.E.2d 98 (2014), argues that the trial court violated his constitutional right against double jeopardy by entering judgment for both (1) felony speeding to elude arrest and (2) reckless driving and driving while license revoked. The State argues that Defendant has waived this issue by failing to object at trial.

In *Mulder*, the defendant was convicted of speeding, reckless driving, and felony speeding to elude arrest based on the aggravating factors of speeding and reckless driving, and argued on appeal that these convictions violated double jeopardy. The

defendant in *Mulder*, like Defendant here, failed to preserve his argument for appeal. This Court noted that the defendant in *Mulder* had failed to preserve his argument for appeal, but nevertheless chose to invoke N.C.R. App. P. 2 "[t]o prevent manifest injustice" to consider the defendant's argument. *Id*. at \_\_\_, 755 S.E.2d at 101–02. This Court then determined that reckless driving and speeding were aggravating factors that were essential elements of felony speeding to elude arrest, thus subjecting the defendant to multiple punishment for the same offense when he was convicted of all three crimes. *Id*. This Court further concluded that our General Assembly did not intend for felony speeding to elude arrest to be a separate punishment from speeding and reckless driving. *Id*. at \_\_\_, 755 S.E.2d at 105. Therefore, this Court held that the defendant had been "unconstitutionally subjected to double jeopardy" and arrested judgment on the speeding and reckless driving convictions. *Id*. at \_\_\_, 755 S.E.2d at 106.

We conclude that the present case is controlled by *Mulder*. Although Defendant failed to raise any double jeopardy argument at trial, as in *Mulder*, we choose to consider Defendant's argument. Defendant was convicted of driving while license revoked, reckless driving, as well as felony fleeing to elude arrest based on the aggravating factors of reckless driving and driving while license

revoked. *See* N.C. Gen. Stat. § 20-141.5 (b) (3) and (5) (2013). Accordingly, we arrest judgment on Defendant's convictions for driving while license revoked and reckless driving and remand for resentencing on the remaining convictions.

No error in part; judgment arrested in 11 CRS 056748, Offense numbers 51, driving while license revoked, and 53, reckless driving to endanger; remanded for resentencing.

No error in part, judgment arrested in part, and remanded for resentencing.

Judges STEPHENS and HUNTER, JR. concur.

Report per Rule 30(e).