STATE OF NORTH CAROLINA v. CHARLES A. McARTHUR, DEFENDANT

No. COA06-1465

(Filed 16 October 2007)

**1. Criminal Law— instructions—self-defense—proof beyond a reasonable doubt of every element**

The trial court erred in a felonious assault prosecution in which the jury was instructed to return a verdict of not guilty if it found that defendant acted in self-defense by failing to also specifically instruct the jury that it should return a verdict of not guilty if it concluded that the State failed to prove any of the elements beyond a reasonable doubt.

**2. Criminal Law— pattern jury instructions—self-defense— ambiguity**

There is an ambiguity in the pattern jury instruction regarding self-defense: read literally, the instruction states that the elements of self-defense must be found beyond a reasonable doubt, suggesting that defendant bears the burden of proof. Trial judges are urged to take care in using the pattern self-defense instruction and to edit it to ensure that the burden of proof is correctly placed.

Appeal by defendant from judgment entered 2 March 2006 by Judge Thomas Haigwood in Wake County Superior Court. Heard in the Court of Appeals 23 May 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Sandra Wallace-Smith, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders Kristen L. Todd and Benjamin Dowling-Sendor, for defendant-appellant.*

GEER, Judge.

Defendant Charles A. McArthur appeals from his conviction for assault with a deadly weapon inflicting serious injury with the intent to kill. Our Supreme Court has repeatedly awarded a new trial when, as here, the trial court instructed the jury that it must return a verdict of not guilty upon a determination that defendant acted in self-defense, but failed to specifically instruct the jury to return a verdict of not guilty if it concluded the State failed to prove the elements of the crime beyond a reasonable doubt. *See, e.g., State v. Dallas,* 253 N.C. 568, 569, 117 S.E.2d 415, 416 (1960) (per curiam). We, therefore, remand this case for a new trial.

Facts

The State's evidence at trial tended to show the following facts. Defendant had been dating Mia Boyd, a neighbor of Christopher Hinton and Robert Peyton, and the mother of one of Hinton's and Peyton's friends. On the evening of 25 May 2005, defendant chased Boyd to Peyton's house, and Hinton and Peyton witnessed defendant push her up against a wall.

It is undisputed that on the following day, 26 May 2005, defendant crossed paths with Hinton and Peyton, a confrontation took place,

and defendant cut Hinton's neck with a box cutter. Hinton was treated at a local hospital where he received 13 stitches.

Hinton testified at trial that defendant approached Peyton and him at Peyton's house. Defendant accused Hinton of "being in his business," asked Hinton if he wanted to fight, and then slashed Hinton's neck with the box cutter. Peyton testified in a substantially similar fashion, but added that defendant smelled of alcohol.

Defendant testified in his own defense that the altercation took place near the curb in front of defendant's yard. He stated that Hinton and Peyton started the fight by "throw[ing]" words at defendant from the street. According to defendant, Hinton and Peyton then approached him, and Hinton became so enraged and got so close to defendant's face that Hinton spit on defendant's face as he spoke. Defendant testified that he thought Hinton was about to "pull[] something out" and attack him. Defendant then swung the box cutter and sliced Hinton's neck.

On 11 July 2005, defendant was indicted for assault with a deadly weapon inflicting serious injury with intent to kill. Following the presentation of the evidence, the trial court instructed the jury that it was to consider four possible verdicts: (1) guilty of assault with a deadly weapon with the intent to kill inflicting serious injury; (2) guilty of assault with a deadly weapon inflicting serious injury; (3) guilty of assault with a deadly weapon; or (4) not guilty. The court also instructed the jury as to self-defense. The jury found defendant guilty of assault with a deadly weapon with the intent to kill inflicting serious injury. The trial court sentenced defendant within the presumptive range to 128 to 163 months imprisonment. Defendant now appeals to this Court.

## Discussion

[1] Defendant argues that the trial court erred by failing to specifically instruct the jury that it should return a verdict of not guilty if it concluded that the State failed to prove any of the elements of the charged assault beyond a reasonable doubt. The parties dispute whether defendant has sufficiently preserved this issue for appellate review.

Generally, "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." N.C.R. App. P. 10(b)(2). Here, defendant requested, and the trial court agreed, to present the

jury with three North Carolina Pattern Instructions applicable to assault with a deadly weapon. Each of the pattern instructions contains a concluding paragraph stating: "If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty." *See* N.C.P.I.—Crim. 208.10 (2002) (assault with deadly weapon with intent to kill inflicting serious injury); *see also* N.C.P.I.—Crim. 208.15 (2002) (assault with deadly weapon inflicting serious injury); N.C.P.I.—Crim. 208.50 (2002) (assault with deadly weapon). Although the trial court failed to specifically read these paragraphs when charging the jury, defendant did not object.

Nevertheless, our Supreme Court has concluded that "a request for an instruction at the charge conference is sufficient compliance with [Rule 10(b)(2)] to warrant our full review on appeal where the requested instruction is subsequently promised but not given, notwithstanding any failure to bring the error to the trial judge's attention at the end of the instructions." *State v. Ross*, 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988). Thus, once the trial court agreed to provide the requested pattern instructions, defendant was not required to object to their alteration to preserve the issue for review. *See also State v. Jaynes*, 353 N.C. 534, 556, 549 S.E.2d 179, 196 (2001) ("[W]hen the instruction actually given by the trial court varied from the pattern language, defendant was not required to object in order to preserve this question for appellate review."), *cert. denied*, 535 U.S. 934, 152 L. Ed. 2d 220, 122 S. Ct. 1310 (2002); *State v. Keel*, 333 N.C. 52, 56-57, 423 S.E.2d 458, 461 (1992) (holding defendant could challenge jury instruction on appeal, regardless of failure to object, when trial court gave different instruction than the one it agreed to give during charge conference).

At the beginning of the trial court's instructions to the jury, before the court addressed the elements of the charges listed on the verdict sheet, the court instructed the jury generally: "You should weigh all of the evidence in the case. After weighing all of the evidence, if you're not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty." After giving another preliminary instruction defining "intent," the court then instructed the jury as to each of the charges listed on the verdict sheet. After instructing as to the elements of the charges, the court proceeded to explain the law regarding self-defense. He then concluded the instructions regarding the charges by stating in his final mandate:

STATE v. McARTHUR

[186 N.C. App. 373 (2007)]

So I charge that if you find from the evidence beyond a reasonable doubt that the defendant is guilty of an assault with a deadly weapon with intent to kill inflicting serious injury, or that he's guilty of an assault with a deadly weapon inflicting serious injury, or that he's guilty of an assault with a deadly weapon, you may return a verdict of guilty only if the State has satisfied you also beyond a reasonable doubt that the defendant's action was not in self-defense; that is, that the defendant did not reasonably believe the assault was necessary or apparently necessary to protect himself from death or seriously [sic] bodily injury, or that he used excessive force or that he was the aggressor.

If you did not so find or have a reasonable doubt, then the defendant's action would be justified by self-defense, and thereof it would be your duty to return a verdict of not guilty.

Nowhere during the instructions on the elements of the crimes or self-defense did the trial court specifically instruct the jury that it was also required to return a verdict of not guilty if it found that the State failed to prove beyond a reasonable doubt any of the elements of the crimes.

We cannot meaningfully distinguish this case from decisions of our Supreme Court, including *Dallas*, 253 N.C. at 569, 117 S.E.2d at 416; *State v. Ramey*, 273 N.C. 325, 329, 160 S.E.2d 56, 59 (1968); and *State v. Woods*, 278 N.C. 210, 217, 179 S.E.2d 358, 363 (1971), *overruled on other grounds by State v. McAvoy*, 331 N.C. 583, 417 S.E.2d 489 (1992). Notably, although defendant discussed all three decisions, the State has only attempted to distinguish *Dallas*. It has not addressed *Ramey* or *Woods* at all.

In *Dallas*, the trial court charged the jury that it could return one of three verdicts: guilty of murder in the second degree, guilty of manslaughter, or not guilty on the grounds of self-defense. 253 N.C. at 569, 117 S.E.2d at 415-16. The Supreme Court observed: "The charge as a whole limits the authority of the jury to return a verdict of not guilty to a finding of 'not guilty by reason of self-defense.' *At no time was the jury instructed that, if upon a fair and impartial consideration of the evidence they had a reasonable doubt of defendant's guilt, it would be their duty to acquit him.* In effect the court instructed the jury that defendant was not entitled to an acquittal unless he satisfied the jury that he had acted in self-defense." *Id.*, 117 S.E.2d at 416 (emphasis added).

The State selectively quotes from *Dallas*, inappropriately replacing the italicized portion of the above quote with an ellipsis. As in *Dallas*, the jurors in this case were never charged that if they had a reasonable doubt regarding defendant's guilt, it would be their duty to acquit him. When one reads *Dallas'* holding in its entirety—without the strategic omission—it mandates a new trial. *Id.*

The Supreme Court reached an identical conclusion in *Ramey*. In *Ramey*, the trial court had given an instruction very similar to the one in this case, setting out the elements of second degree murder and manslaughter, followed by the elements of self-defense, and concluding that if the jury found to its satisfaction that the defendant acted in self-defense, "it would be your duty to render a verdict of not guilty in this case." 273 N.C. at 328, 160 S.E.2d at 58 (emphasis omitted). The Court observed that "[t]he only portions of the charge in which the jury was instructed as to circumstances under which they might return a verdict of not guilty relate directly and solely to the return of a verdict of not guilty in the event the jury found defendant acted in the lawful exercise of his right of self-defense." *Id.* The Court then held:

> In our opinion, and we so decide, defendant was entitled to an explicit instruction, even in the absence of a specific request therefor, to the effect the jury should return a verdict of not guilty if the State failed to satisfy them from the evidence beyond a reasonable doubt that a bullet wound inflicted upon [the victim] by defendant proximately caused his death. The trial judge inadvertently failed to give such instruction. The necessity for such instruction is not affected by the fact there was plenary evidence upon which the jury could base a finding that a bullet wound inflicted upon [the victim] by defendant proximately caused his death.

> As indicated, the quoted excerpt from the charge was the court's final instruction to the jury. It is noted that no instruction was given that if the State failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of murder in the second degree, and failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of manslaughter, the jury should return a verdict of not guilty.

*Id.* at 329, 160 S.E.2d at 59 (internal citation omitted). Based on that omission—even though no specific request had been made for the

omitted instruction—the Court awarded a new trial. *Id.* at 330, 160 S.E.2d at 59.

The Court addressed the issue a third time in *Woods.* The trial court in *Woods* instructed the jury as follows:

> If the State has satisfied you beyond a reasonable doubt that defendant, by means of a deadly weapon, intentionally inflicted the wound which produced [the victim's] death it would be your duty to return a verdict of guilty of murder in the second degree unless defendant has satisfied you that she shot [the victim] in self-defense. If you are satisfied beyond a reasonable doubt that defendant intentionally shot [the victim] and that his death was the natural and probable result, but you are not satisfied beyond a reasonable doubt that she shot him with malice, your verdict will be voluntary manslaughter unless defendant has satisfied you she shot [the victim] in self-defense. If you are not satisfied beyond a reasonable doubt that defendant shot [the victim] intentionally but are satisfied beyond a reasonable doubt that she shot him in the commission of some unlawful act and his death was a natural and probable result, your verdict will be guilty of involuntary manslaughter even though the wounding of the deceased was unintentional, unless defendant has satisfied you she shot in self-defense. Although the State may have satisfied you beyond a reasonable doubt that defendant shot and killed [the victim], if she has satisfied you that she was not the aggressor and that she shot [the victim] under circumstances which created in her mind the reasonable belief that it was necessary to shoot him in order to save herself from death or great bodily harm, it would be your duty to return a verdict of not guilty.

278 N.C. at 214-15, 179 S.E.2d at 361 (internal quotation marks omitted). The Supreme Court observed that although the trial court had instructed the jury as to the circumstances under which they could return a verdict of guilty, "it was only in the event they found defendants to have acted in lawful self-defense that he specifically told them they could or should return a verdict of not guilty." *Id.* at 215, 179 S.E.2d at 361. The Court then held that the defendant "was, therefore, entitled to the explicit instruction, even in the absence of a specific request therefor, that the jury should return a verdict of not guilty if the State failed to prove beyond a reasonable doubt that a bullet wound inflicted by defendant proximately caused [the victim's] death." *Id.* at 216, 179 S.E.2d at 362. As in *Ramey* and *Dallas,* because

of the omission, the Court awarded a new trial. *Id.* at 217, 179 S.E.2d at 363.

Here, defendant's plea of not guilty "placed the burden upon the State to satisfy the jury beyond a reasonable doubt of every element of the offenses charged in the bill of indictment." *State v. Overman,* 257 N.C. 464, 466-67, 125 S.E.2d 920, 923 (1962). As *Dallas, Ramey,* and *Woods* expressly held, defendant was, therefore, entitled to a specific instruction that if the jury determined that the State failed to prove any of the elements of the charges, it should return a verdict of not guilty. The State's contention that the trial court's instruction requiring the State to prove the elements beyond a reasonable doubt was sufficient cannot be reconciled with our Supreme Court's holdings. *See also State v. McHone,* 174 N.C. App. 289, 298, 620 S.E.2d 903, 910 (2005) (noting that a new trial has been awarded for failure to provide a not guilty final mandate even when the trial court has given instructions on burden of proof or presumption of innocence), *disc. review denied,* 362 N.C. 368, 628 S.E.2d 9 (2006).

The statement in the preliminary portion of the trial court's instructions that "if you're not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty," also did not solve the problem since the trial court had not yet explained what was entailed in establishing the guilt of defendant. *See State v. Chapman,* 359 N.C. 328, 380, 611 S.E.2d 794, 831 (2005) ("Every criminal jury must be instructed as to its right to return, and the conditions upon which it should render, a verdict of not guilty. Such instruction is generally given during the final mandate after the trial court has instructed the jury as to elements it must find to reach a guilty verdict." (internal citations and quotation marks omitted)); *State v. Ward,* 300 N.C. 150, 156-57, 266 S.E.2d 581, 585 (1980) ("By failing to give the converse or alternative view that acquittal should result if the jury were not satisfied beyond a reasonable doubt as to each and every stated element, the trial judge failed to provide even a general application of the law to the evidence raised by defendant's testimony.").

In light of controlling Supreme Court precedent, we are required to award defendant a new trial because of the trial court's failure to include a specific instruction directing the jury to enter a verdict of not guilty if it found that the State had failed to prove any of the elements of the charged crimes beyond a reasonable doubt. We do not address defendant's remaining arguments since they may not be repeated during subsequent proceedings.

STATE v. McARTHUR

[186 N.C. App. 373 (2007)]

**[2]** We do observe, however, that there appears to be an ambiguity in the pattern jury instruction regarding self-defense. The trial court substantially modeled its instructions on N.C.P.I.—Crim. 308.45 (2003), which states:

> *If from the evidence you find beyond a reasonable doubt* that the defendant assaulted the victim with deadly force; that is, force likely to cause death or great bodily harm and *that the circumstances would have created a reasonable belief in the mind of a person of ordinary firmness that the assault was necessary or apparently necessary to protect himself from death or great bodily harm, and the circumstances did create such belief in the defendant's mind at the time he acted,* such assault would be justified by self-defense. You, the jury, determine the reasonableness of the defendant's belief from the circumstances appearing to him at the time.

(Emphasis added.) This instruction—read literally—states that the elements of self-defense must be found beyond a reasonable doubt, suggesting that a defendant bears the burden of proof. It is, however, well established that the burden of proving that the defendant did not act in self-defense is on the State. *See State v. Hankerson,* 288 N.C. 632, 643, 220 S.E.2d 575, 584 (1975) (rejecting, under Due Process Clause of Fourteenth Amendment, "long-standing rule" that defendant must prove to satisfaction of jury that he killed in self-defense in order to rebut presumption that killing was unlawful), *rev'd on other grounds,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). We urge trial judges to take care in using the pattern self-defense instruction and edit it in order to ensure that the burden of proof is correctly placed on the State throughout the instructions.

New trial.

Judges HUNTER and ELMORE concur.