STATE v. EVANS

[228 N.C. App. 454 (2013)]

STATE OF NORTH CAROLINA
v.
ROGER LEE EVANS, JR.

No. COA13-17

Filed 6 August 2013

1. **Appeal and Error—preservation of issues—plain error review—mandate—failure to object**

Appellate review was limited to plain error where the defendant in a prosecution for felony murder, attempted armed robbery, and assault contended that the trial court did not include self-defense in the mandate of certain charges. The trial court instructed the jury in accordance with the discussions at the jury charge conference, defendant did not object at the conference, and defendant did not object when the charge was delivered by the trial court.

2. **Homicide—felony murder—self-defense—final mandate**

The trial court did not err in a prosecution for attempted robbery and other charges, including first-degree murder, by omitting self-defense from its mandate concerning felony murder. Defendant could not plead self-defense to a robbery he had attempted to commit himself. As for the remaining bases for felony murder, the trial court included self-defense in the final mandate for the assault charges, but not the specific final mandate for felony murder based upon the assault charges. Reviewed contextually, there was no error, much less plain error.

3. **Appeal and Error—preservation of issues—sufficiency of evidence—issue waived by presenting evidence—preserved by renewing motion to dismiss**

Defendant properly preserved the issue of the sufficiency of the evidence in an attempted armed robbery prosecution where he waived review of his motion to dismiss at the conclusion of the State's evidence by presenting evidence, but renewed the motion to dismiss at the close of all of the evidence.

4. **Robbery—attempted—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon where defendant contended that the State failed to present evidence of an attempted taking of property. When the evidence was taken in the light most favorable to the State, it showed that defendant had the

intent to rob the victim and performed an overt act intended to carry out that plan. An actual demand for the victim's property was not required; defendant's plan together with his brandishing of the firearm was sufficient evidence for the case to be submitted to the jury.

Appeal by defendant from judgments entered 11 June 2012 by Judge William Osmond Smith, III in Durham County Superior Court. Heard in the Court of Appeals 4 June 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Phillip K. Woods, for the State.*

*Sue Genrich Berry for defendant-appellant.*

STEELMAN, Judge.

Where self-defense was not applicable to the charges of attempted robbery with a dangerous weapon, the trial court did not err in omitting any reference to self-defense from the mandate for the felony murder charge based upon the robberies. Where the trial court gave complete self-defense instructions concerning the assault charges, and referenced those instructions in the felony murder charge based upon the assault charges, the trial court did not err in omitting any reference to self-defense from the mandates for those felony murder charges. Where there was substantial evidence that defendant had the intent to rob Cantera and performed an overt act, the trial court properly denied defendant's motion to dismiss the charge of attempted robbery as to Cantera.

## I. Factual and Procedural Background

In the early hours of 28 June 2010, Roger Lee Evans, Jr., (defendant) and Tracey Elliott (Elliott) planned to rob Francisco Cantera (Cantera) in order to purchase drugs. Elliott entered Cantera's apartment and sent defendant a text message, notifying him that there were two males sleeping in the living room and that she was in the back bedroom with Cantera. Defendant asked if Cantera was naked. Defendant then entered the apartment and walked directly to Cantera's room with his handgun drawn. Defendant told Elliott to leave and she feigned surprise, pleading with him to not go forward with the robbery. At that point, the two males sleeping in the living room, brothers Mariano (Mariano) and Marcelino (Marcelino) Moreno, awakened. Defendant directed Cantera into the living room with the handgun pointed to his head and demanded money from the Moreno brothers. The brothers struggled with defendant.

Defendant fired his handgun multiple times, killing Cantera, paralyzing Marcelino, and wounding Mariano.

Defendant was indicted for the murder of Cantera, the robbery with a dangerous weapon of Cantera, the attempted robbery with a dangerous weapon of Marciano, the attempted robbery with a dangerous weapon of Marcelino, conspiracy to commit robbery with a dangerous weapon with Elliott, first-degree burglary, conspiracy to commit first-degree burglary with Elliott, possession of a firearm by a felon, assault with a deadly weapon with intent to kill inflicting serious injury as to Marciano, and assault with a deadly weapon with intent to kill inflicting serious injury as to Marcelino.

The case was tried before a jury at the 28 May 2012 session of Criminal Superior Court for Durham County. At the close of the State's evidence, the trial court denied defendant's motion to dismiss all charges, but reduced the charge of robbery with a dangerous weapon of Cantera to attempted robbery with a dangerous weapon.

Defendant testified at trial. He contended that he did not form a plan with Elliott to rob Cantera, but rather claimed that the events resulted from a drug deal gone awry. Defendant testified that after he entered the apartment to make a sale of marijuana, Cantera took the drugs but would not pay for them. Defendant demanded either his marijuana or payment. Defendant denied brandishing his handgun. As the Moreno brothers woke up, defendant turned to leave and took ten dollars from a wallet. The brothers then attacked him, one wielding a knife, causing defendant to stumble. The Morenos and Cantera piled on top of defendant, who pulled out his handgun and fired multiple shots in order to defend himself. He then fled from the residence.

At the close of all the evidence, the trial court denied defendant's motion to dismiss all charges, including the charge of attempted robbery with a dangerous weapon of Cantera.

On 11 June 2012, the jury found defendant guilty of first-degree murder under both the theories of malice, premeditation, and deliberation, and felony murder. The jury also found defendant guilty of three counts of attempted robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, first-degree burglary, conspiracy to commit first-degree burglary, and possession of a firearm by a felon. As to the two assault charges, the jury found defendant guilty of the lesser charge of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to life imprisonment for the murder charge [10CRS056219]. The remaining charges were consolidated into

four judgments that imposed consecutive sentences of 84-110 months [10CRS006133; 10CRS006134], 84-110 months [10CRS006132], 33-49 months [10CRS007219-51], and 33-49 months [10CRS007219-52].

Defendant appeals.

## II. Jury Instructions

In his first argument, defendant contends that the trial court's final mandate contained numerous deficiencies amounting to reversible error. We disagree.

### A. Preservation of the Issue on Appeal

[1] On appeal, defendant contends that the trial court agreed at the jury charge conference, to charge the jury in accordance with certain specific pattern jury instructions. Defendant contends that the trial court failed to do what was agreed upon, namely failing to include self-defense in the mandate of certain charges. As a result, defendant contends that this alleged error is preserved for appellate review, and that he is not limited to plain error review on appeal, citing *State v. Keel*, 333 N.C. 52, 56, 423 S.E.2d 458, 461 (1992) and *State v. Ross*, 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988).

At the charge conference it was agreed that the trial court would use a combination of N.C.P.I. Criminal 206.14 and 206.10 in addressing the murder charge and any lesser included offenses. The trial court also agreed that the jury would be charged concerning self-defense. However, the trial court expressly stated that self-defense would not be a defense to felony murder, but "may be a defense to the underlying felony of felonious assault and the lesser-included underlying offense." Defendant made no objection to the proposed charge at the jury charge conference. The trial court charged the jury on first-degree murder. The jury was instructed that a felony murder conviction could be based upon any of the three attempted robbery with a dangerous weapon charges or the two assault charges. The jury subsequently found that defendant was guilty of first-degree murder based upon each of the five underlying felonies.

On appeal, defendant concedes that the trial court correctly gave the self-defense mandate as to the charge of first-degree murder based upon premeditation and deliberation. However, defendant contends that the trial court omitted self-defense from the mandate relating to first-degree felony murder to each of the five underlying felonies. Defendant further contends that the trial court omitted self-defense from the mandate concerning the charges for the lesser-included offenses of second-degree murder and voluntary manslaughter.

We hold that the trial court instructed the jury in accordance with the proposed discussions at the jury charge conference. The trial court made it plain that self-defense was not a defense to felony murder *per se*, but might be a defense as to the underlying felony. The jury was so charged. Since defendant failed to object at the jury charge conference and also following the actual charge delivered by the trial court, our review is limited to plain error.

### B.  Standard of Review

> For error to constitute plain error, a defendant must dem-
> onstrate that a fundamental error occurred at trial. To show
> that an error was fundamental, a defendant must establish
> prejudice—that, after examination of the entire record,
> the error had a probable impact on the jury's finding that
> the defendant was guilty. Moreover, because plain error is
> to be applied cautiously and only in the exceptional case,
> the error will often be one that seriously affect[s] the fair-
> ness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (altera-tion in original) (citations omitted).

### C.  Final Mandate on Self-Defense

**[2]** "Long-standing precedent in this Court explains that the charge to the jury will be construed contextually, and segregated portions will not be viewed as error when the charge as a whole is free from objection." *State v. Haire*, 205 N.C. App. 436, 441, 697 S.E.2d 396, 400 (2010). It is therefore necessary to review the portions of the trial court's charge that bear upon defendant's arguments pertaining to giving a final mandate relating to self-defense. We do not discuss the jury instructions as to the two conspiracy charges, the first-degree burglary charge, or the posses-sion of a firearm by a felon charge, since none of these charges was a basis for a first-degree felony murder conviction.

The trial court first charged the jury concerning the three charges of attempted robbery with a dangerous weapon. None of these charges contained a self-defense instruction. Similarly, when the trial court gave the charge concerning felony murder based upon the three attempted robbery charges, there was no instruction as to self-defense. On appeal, defendant contends that it was error to omit self-defense from the first-degree felony murder instruction based upon the three attempted robber-ies. It was not error to omit self-defense from the mandates based upon the robberies. In fact, it was not error to completely omit self-defense from the felony murder instructions based upon the three robberies.

In *State v. Jacobs*, 363 N.C. 815, 689 S.E.2d 859 (2010), our Supreme Court held: "As to felony murder, self-defense is available only to the extent that it relates to applicable underlying felonies. We fail to see how defendant could plead self-defense to a robbery the jury found he had attempted to commit himself." *Id.* at 822, 689 S.E.2d at 864 (citation omitted). Based upon *Jacobs*, the trial court did not err, much less commit plain error, in omitting self-defense from its mandate concerning the first-degree murder charge based upon the three attempted robberies with a dangerous weapon. Since we have held that the trial court did not err in its jury instructions as to three of the five bases for felony murder, it may well not be necessary for us to discuss the remaining two bases for felony murder. However, for the sake of completeness, we elect to do so.

The two remaining bases of felony murder were the assault charges pertaining to Mariano and Marcelino. Prior to the charge on felony murder, the trial court charged the jury concerning the assault charges, instructing the jury that they could find defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury, guilty of assault with a deadly weapon inflicting serious injury, or not guilty. On each charge, the jury found defendant guilty of the lesser charge of assault with a deadly weapon inflicting serious injury. As to each assault charge, the trial court charged the jury concerning self-defense and included self-defense in the final mandate for each charge. On appeal, defendant makes no complaint about these instructions. In instructing the jury on felony murder based upon the assault charges, the trial court told the jury:

> In making your determination as to whether the Defendant committed Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury or Assault with a Deadly Weapon Inflicting Serious Injury upon the alleged victim, [Mariano], you are to recall and apply my previous instructions to you as to the definition and elements of the offenses of Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury and Assault with a Deadly Weapon Inflicting Serious Injury, *and my related instructions as to the law of self-defense.*

(emphasis added).

As to the assault charge pertaining to Marcelino, the same instructions were given. Neither of the instructions concerning felony murder based upon the assault charges contained a specific final mandate relating to self-defense.

Our review of jury instructions requires us to look at the charge contextually, as a whole. *Haire*, 205 N.C. App. at 441, 697 S.E.2d at 400. The trial court gave full self-defense instructions with respect to the assault charges. The trial court referenced these instructions, and specifically the self-defense instructions, in its instructions concerning felony murder based upon the assault charges. Taken as a whole, these felony murder instructions did not constitute error, much less plain error.

Finally, defendant complains that the trial court failed to include a self-defense mandate with respect to the lesser offenses of second-degree murder and voluntary manslaughter. Since the jury convicted defendant of first-degree murder based upon premeditation and deliberation and defendant acknowledges that the trial court gave a final mandate concerning self-defense as to this charge, this ends our inquiry. *See Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 ("To establish plain error, defendant must show that the erroneous jury instruction . . . had a probable impact on the jury verdict.").

All of defendant's arguments pertaining to the lack of an instruction relating to self-defense in the final mandates are without merit.

### III. Motion to Dismiss the Charge of Attempted Robbery with a Dangerous Weapon

Defendant next argues that the trial court erred in denying defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon of Cantera at the close of all the evidence because the State failed to present evidence of an attempted taking of Cantera's property. We disagree.

### A. Standard of Review

The denial of a motion to dismiss is reviewed *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "[T]he question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Evidence is substantial if it is relevant, not seeming or imaginary, and a reasonable mind might accept it as adequate to support a conclusion." *State v. Beam*, 201 N.C. App. 643, 646-47, 688 S.E.2d 40, 43 (2010). The trial court must view the direct and circumstantial evidence in the light most favorable to the State when considering the defendant's motion, giving the State the benefit of every reasonable inference therein. *Id.* at 647, 688 S.E.2d at 43. "Contradictions and

STATE v. EVANS

[228 N.C. App. 454 (2013)]

discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. Defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990).

## B. Analysis

**[3]** Defendant contends that the trial court should not have submitted the attempted robbery with a dangerous weapon charge to the jury because the evidence was insufficient to support a conviction based upon that charge. Defendant argues that this error affects not only the attempted robbery with a dangerous weapon charge, but also the felony murder conviction based upon the attempted robbery of Cantera. Defendant moved to dismiss at the conclusion of the State's evidence and again after all the evidence had been presented. By presenting evidence, we note that defendant waived review of the motion to dismiss at the conclusion of the State's evidence. N.C.R. App. P. 10(a)(3). However, by renewing the motion to dismiss at the close of all the evidence, defendant properly preserved the issue of the sufficiency of the evidence for purposes of appellate review. *State v. Morganherring*, 350 N.C. 701, 732, 517 S.E.2d 622, 640 (1999). We review this argument based upon all of the evidence presented.

**[4]** "An attempted robbery with a dangerous weapon occurs when a person, with the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result." *State v. Allison*, 319 N.C. 92, 96, 352 S.E.2d 420, 423 (1987). An overt act is more than mere preparation and must sufficiently approach the completion of the offense " 'to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.' " *State v. Miller*, 344 N.C. 658, 668, 477 S.E.2d 915, 921 (1996) (quoting *State v. Price*, 280 N.C. 154, 158, 184 S.E.2d 866, 869 (1971)). "A defendant may attempt robbery with a dangerous weapon even when the defendant neither demands nor takes money from the victim." *State v. Taylor*, 362 N.C. 514, 539, 669 S.E.2d 239, 261 (2008). When a defendant "is convicted of first-degree murder based upon both premeditation and deliberation and felony murder, the underlying felony does not merge with the murder conviction and the trial court is free to impose a sentence thereon." *State v. Bell*, 338 N.C. 363, 394, 450 S.E.2d 710, 727 (1994).

In *Miller*, the defendant was indicted for murder and attempted armed robbery after shooting his next-door neighbor. 344 N.C. at 662-63, 477 S.E.2d at 918. The defendant admitted that prior to shooting the

victim twice and leaving without taking the victim's wallet, he pointed a pistol at the victim and pulled the trigger without firing. *Id.* at 665, 477 S.E.2d at 920. The defendant also informed his cousin before the shooting that "if he did not get any money . . . he was going to kill his next-door neighbor[.]" *Id.* at 666, 477 S.E.2d at 920. The defendant argued the attempted armed robbery charge should have been dismissed because the State failed to present sufficient evidence of his advancing beyond mere preparation to commit the robbery. *Id.* at 667, 477 S.E.2d at 921. Our Supreme Court, in overruling the assignment of error, found that the defendant's plan showed his intent and that attempting to shoot the victim constituted the overt act necessary for attempted robbery. *Id.* at 668-69, 477 S.E.2d at 922.

In the instant case, all of the evidence, when taken in the light most favorable to the State, substantially shows that defendant had the intent to rob Cantera and performed an overt act intended to carry out that plan. Elliott's testimony at trial was that defendant planned the robbery with her; that defendant waited in the vehicle until Elliott sent him a text message with the location of each individual within the apartment; that defendant entered the apartment and went directly to Cantera's bedroom; and that defendant proceeded to wield his firearm in a threatening manner towards Cantera.

While there was no testimony that defendant made a specific demand of Cantera for money, an actual demand for the victim's property is not required. *Taylor*, 362 N.C. at 539, 669 S.E.2d at 261. Elliott's testimony showed that defendant had progressed well beyond mere preparation and sufficiently approached the completion of the robbery. The defendant's plan together with his brandishing of the firearm was sufficient evidence for the case to be submitted to the jury. *See Miller*, 344 N.C. at 668-69, 477 S.E.2d at 922.

Since defendant presented evidence, we do not consider defendant's evidence denying a plan to rob Cantera except to the extent that it does not contradict the State's evidence and is favorable to the State. *Franklin*, 327 N.C. at 172, 393 S.E.2d at 787.

The trial court properly denied defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon. Moreover, since defendant was convicted of first-degree murder based upon premeditation and deliberation, the trial court was not required to arrest judgment on the conviction for the attempted robbery with a dangerous weapon of Cantera. *Bell*, 338 N.C. at 394, 450 S.E.2d at 727.

This argument is without merit.

## IV. Conclusion

We hold that defendant received a fair trial, free from error.

NO ERROR.

Judges McGEE and ERVIN concur.