IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-636

Filed 19 March 2024

Guilford County, Nos. 18 CRS 83189-91

STATE OF NORTH CAROLINA

v.

SAEQUAN MARQUETTE JACKSON

Appeal by Defendant from Judgments entered 19 December 2022 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 24 January 2024.

*Attorney General Joshua H. Stein, by Deputy General Counsel Daniel P. Mosteller, for the State.*

*Marilyn G. Ozer for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Saequan Marquette Jackson (Defendant) appeals from Judgments entered pursuant to jury verdicts finding Defendant guilty of First-Degree Murder based on Felony Murder, Robbery with a Firearm, and Possession of a Stolen Vehicle. The Record before us tends to show the following:

On 31 August 2018, Defendant was staying with a female friend in her Greensboro, North Carolina apartment. Defendant was awoken by a series of phone

calls to the friend's cell phone by Ronald McCray. Defendant testified he answered the friend's phone to tell McCray to stop calling. McCray stated he was outside the apartment and, according to Defendant, threatened him.

McCray arrived at the apartment complex around 6:40 a.m. Defendant went out to the parking lot with a nine-millimeter handgun in his waistband. Defendant testified McCray exited the car and walked toward Defendant, threatening to kill him. Defendant shot McCray four times. Tachayla Loggins, a sixteen-year-old who lived in the same apartment complex witnessed the shooting and went inside her apartment to tell her mother. Loggins' mother looked outside and saw Defendant sitting outside "for a few minutes" before eventually leaving in McCray's vehicle. Defendant acknowledged at trial he had stolen the car after briefly returning to his friend's apartment.

Loggins and her mother went outside around the same time Defendant left the scene in McCray's car. McCray was still alive and awake on the ground of the parking lot when Loggins and her mother arrived. McCray later died from the gunshot wounds. The day after this incident, police received a report McCray's car was abandoned in a field. Defendant was subsequently arrested on 31 August 2018 for First-Degree Murder. On 8 October 2018, Defendant was indicted on one count of First-Degree Murder, one count of Robbery with a Dangerous Weapon, and one count

of Possession of a Stolen Motor Vehicle.

Defendant's trial began 5 December 2022. On 9 December 2022, the jury returned verdicts finding Defendant guilty of First-Degree Murder based on Felony Murder, Robbery with a Dangerous Weapon, and Possession of a Stolen Vehicle. The trial court sentenced Defendant to six to seventeen months of imprisonment for the conviction of Possession of a Stolen Vehicle. The trial court sentenced Defendant to life in prison without parole for the First-Degree Murder conviction, to run at the expiration of the sentence for Possession of a Stolen Vehicle. The trial court arrested judgment on the Robbery with a Dangerous Weapon conviction because it was the underlying felony supporting the Felony Murder conviction. Defendant gave oral Notice of Appeal in open court.

## Issues

The issues are whether the trial court (I) erred by denying Defendant's Motion to Dismiss the armed robbery charge and instructing the jury on felony murder; and (II) plainly erred by instructing the jury self-defense could not justify felony murder based on armed robbery.

## Analysis

I.    Motion to Dismiss

Defendant first contends the trial court erred by denying his Motion to Dismiss

the Felony Murder and Armed Robbery charges due to insufficient evidence Defendant shooting McCray and taking his car were a continuous transaction. Specifically, Defendant contends the taking of the vehicle was an "afterthought," and the State failed to present evidence Defendant intended to rob the victim at the time of the murder by force.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Wilson*, 269 N.C. App. 648, 651-52, 839 S.E.2d 438, 441 (2020) (quoting *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007)). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted); *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

"If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion [to dismiss] should be allowed." *Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455 (citation omitted). "In making its determination, the trial court must consider

all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted). "Only defendant's evidence which does not contradict and is not inconsistent with the state's evidence may be considered favorable to defendant if it explains or clarifies the state's evidence or rebuts inferences favorable to the state." *State v. Sumpter*, 318 N.C. 102, 107-08, 347 S.E.2d 396, 399 (citations omitted). However, "[w]hether the State has offered such substantial evidence is a question of law for the trial court." *State v. McKinney*, 288 N.C. 113, 119, 215 S.E.2d 578, 583 (1975) (citations omitted).

In the present case, Defendant moved to dismiss the First-Degree Murder and Armed Robbery charges for insufficient evidence. The First-Degree Murder conviction was based on Felony Murder. "Felony murder elevates a homicide to first-degree murder if the killing is committed in the perpetration or attempted perpetration of certain felonies or any 'other felony committed or attempted with the use of a deadly weapon[.]'" *State v. Frazier*, 248 N.C. App. 252, 262, 790 S.E.2d 312, 320 (2016) (quoting N.C. Gen. Stat. § 14-17(a)). "The temporal order of the killing and the felony is immaterial where there is a continuous transaction[.]" *State v. Roseborough*, 344 N.C. 121, 127, 472 S.E.2d 763, 767 (1996). Furthermore, "it is

immaterial whether the intent to commit the felony was formed before or after the killing, provided that the felony and the killing are aspects of a single transaction." *Id.*

Our statute defining armed robbery provides: "Any person . . . who, having in possession or with the use or threatened use of any firearms, . . . whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another[.]" N.C. Gen. Stat. § 14-87(a) (2021).

Here, there was substantial evidence to support finding the shooting and armed robbery constituted a continuous transaction. The State presented evidence showing the time between the shooting and taking was short. Loggins and her mother went to the victim just as Defendant left the scene, at which point McCray was still alive and awake. Loggins' mother testified Defendant drove off within "a few minutes" after briefly sitting in McCray's car. Looking to our precedents in similar cases and drawing "every reasonable inference" in the State's favor, this evidence supports the conclusion this was a continuous transaction.

A similar set of facts arose in *State v. Reaves*, 9 N.C. App. 315, 176 S.E.2d 13 (1970). There, a defendant shot a State Highway Patrol officer then fled in the officer's patrol car, which contained the officer's service revolver. *Id.* at 316-17, 176 S.E.2d at 15. On appeal, the defendant argued the evidence was insufficient to

support a conviction for armed robbery because the intent to take the car and revolver "arose in defendant's mind only after defendant found his own automobile locked[.]" *Id.* at 317, 176 S.E.2d at 15. Therefore, the defendant argued, "there was not the necessary coincidence in time between the use . . . of a deadly weapon and the felonious taking[.]" *Id.* This Court rejected that argument, concluding there was "one continuing transaction[.]" *Id.* Our Supreme Court has similarly rejected an argument that "if the jury found defendant took [a vehicle] 'while scared and confused' in order to escape the scene, he would not be guilty of armed robbery[.]" *State v. Webb*, 309 N.C. 549, 555, 308 S.E.2d 252, 256 (1983). The Court observed that even if the evidence was favorable to the defendant, it was not exculpatory justifying a separate jury instruction. *Id.*

Defendant points to *State v. Powell* in support of his contention his taking of the car was an "afterthought." 299 N.C. 95, 261 S.E.2d 114 (1980). In *Powell*, our Supreme Court held the underlying larceny did not support the defendant's guilt for felony murder because the evidence, viewed in the light most favorable to the State, indicated the defendant "took the objects as an afterthought once the victim had died." *Id.* at 102, 261 S.E.2d at 119. As Defendant correctly notes, however, *Powell* has been distinguished frequently. Indeed, our Supreme Court has repeatedly rejected arguments a defendant must have intended to commit armed robbery at the

time he killed the victim in order for the exchange to be a continuous transaction. *See State v. Handy*, 331 N.C. 515, 529, 419 S.E.2d 545, 552 (1992) ("Neither the commission of armed robbery . . . nor the commission of felony murder based on armed robbery depends upon whether the intention to commit the taking of the victim's property was formed before or after the killing." (citation omitted)); *State v. Faison*, 330 N.C. 347, 359, 411 S.E.2d 143, 150 (1991) ("[I]t is immaterial whether the intent was formed before or after force was used upon the victim, provided that the theft and force are aspects of a single transaction." (citation omitted)).

Additionally, this issue was squarely and accurately presented to the jury. The trial court issued jury instructions, in pertinent part, as follows:

> If you find beyond a reasonable doubt that there is a continuous transaction, the temporal order of the threat or use of a firearm and the taking is immaterial. Provided that the theft and the force are aspects of a single transaction, it's immaterial whether the intention to commit the theft was formed before or after force was used upon the victim.

Further:

> Therefore, if you, the jury, find from the evidence beyond a reasonable doubt that . . . there was an immediate causal connection between the defendant's use of force and his felonious conduct, it would be your duty to find the defendant guilty[.]
>
> . . .
>
> And, finally, . . . if the State has failed to satisfy you beyond a

> reasonable doubt that . . . the defendant did act in self-defense but that there was an immediate causal connection between the defendant's use of force and his felonious conduct, then the defendant's actions would be justified by self-defense[.]

These instructions are consistent with our case law on continuous transactions in the context of felony murder, and they present the issue of continuity squarely to the jury. In returning a verdict of guilty, the jury clearly determined the shooting and vehicle theft were a continuous transaction. Thus, whether the shooting and theft were a single transaction was a jury issue, which was presented to the jury. Therefore, the jury's verdict of guilty determined the shooting and theft were a continuous event. Consequently, we conclude the trial court did not err by denying Defendant's Motion to Dismiss.

## II.    Jury Instruction

Defendant contends the trial court plainly erred by not instructing the jury it could consider self-defense as a justification for felony murder or armed robbery.

"[T]he trial court has a duty 'to instruct the jury on all substantial features of a case raised by the evidence.' " *State v. Fletcher*, 370 N.C. 313, 325, 807 S.E.2d 528, 537 (2017) (quoting *State v. Shaw*, 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988) (citation omitted)). Defendant did not object to the jury instructions at trial. Consequently, our review on appeal is limited to plain error. N.C.R. App. P. 10(a)(4)

(2021) ("In criminal cases, an issue that was not preserved by objection noted at trial . . . nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.").

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted). Further, "[t]o show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error 'had a probable impact on the jury's finding that the defendant was guilty.'" *Id.* (quoting *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted)). Thus, plain error is reserved for "the exceptional case where, after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial . . . that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused[.]'" *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)).

Defendant argues he was entitled to an instruction that self-defense was available as a defense to felony murder. Our Supreme Court has held "self-defense is not a defense to felony murder." *State v. Juarez*, 369 N.C. 351, 354, 794 S.E.2d 293,

297 (2016). However, "[p]erfect self-defense . . . may be a defense to the underlying felony, which would thereby defeat the felony murder charge[.]" *Id.* (citation omitted). Thus, "self-defense is available in felony murder cases only to the extent that self-defense relates to applicable underlying felonies as in the case sub judice." *State v. Richardson*, 341 N.C. 658, 668, 462 S.E.2d 492, 499 (1995).

Here, the underlying felony was armed robbery. Our Supreme Court has held "self-defense is not a defense to [armed robbery]." *State v. McLymore*, 380 N.C. 185, 199 n. 3, 868 S.E.2d 67, 78 n. 3 (2022); *see also State v. Evans*, 228 N.C. App. 454, 459, 747 S.E.2d 151, 155 (2013) (holding trial court did not err in omitting a self-defense instruction where defendant was charged with first-degree murder based on felony murder rule with the underlying felonies attempted robberies with a dangerous weapon); *State v. Jacobs*, 363 N.C. 815, 822, 689 S.E.2d 859, 864 (2010) ("We fail to see how defendant could plead self-defense to a robbery the jury found he had attempted to commit himself[.]"). Based on our precedents, self-defense is inapplicable to armed robbery. Therefore, self-defense does not excuse felony murder where the underlying felony is armed robbery. Consequently, Defendant was not entitled to a self-defense instruction on the charge of felony murder.

## Conclusion

Accordingly, for the foregoing reasons, we conclude there was no error in

Defendant's trial.

NO ERROR IN PART; NO PLAIN ERROR IN PART.

Judges CARPENTER and GORE concur.